FILED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

GIA-GMI, LLC )
a Florida limited liability company, )
11587 San Jose Blvd. )
Jacksonville, Florida 32223

          Plaintiff,

v.

**GMI CAPITAL CORPORATION**, )
a Delaware corporation, )
3 Twin Dolphin Drive, Suite 250 )
Redwood City, California 94065 )
                        )
          Defendant. )

Case: 1:07-mc-00154
Assigned To : Robertson, James
Assign. Date : 4/23/2007
Description: GIA-GMI V GMI CAPITOL CORP.

(Case No.: 3:05-CV-300-J-Z0TEM in the U.S. District
Court for the Middle District of Florida)

## PLAINTIFF'S MOTION TO ENFORCE SUBPOENA AND COMPEL
## PRODUCTION OF DOCUMENTS AND MEMORANDUM IN SUPPPORT

Pursuant to Fed. R. Civ. P. 45, Plaintiff GIA-GMI, LLC ("Plaintiff") moves this Court to

enforce the subpoena issued to Alan M. Dunn ("Mr. Dunn") and compel production of the

documents commanded by the subpoena. In support thereof, Plaintiff states as follows:

1.      On or about June 15, 2006, Plaintiff served Mr. Dunn with a third-party Subpoena

for Documents ("Subpoena for Documents") issued by this Court, commanding him to produce

specified documents relating to the above-captioned case in the United States District Court for

the Middle District of Florida, Jacksonville Division. See Subpoena in a Civil Case, including

Documents to be Produced as its Exhibit A, and the Affidavit of Service, attached hereto as

Composite Exhibit A.

2.      On or about June 7, 2006, Plaintiff also served a third-party Subpoena for

Deposition ("Subpoena for Deposition") and a Notice of Deposition in Aid of Execution upon



WASH_1855337.1

Mr. Dunn.  A true and correct copy of the Subpoena for Deposition and Notice of Deposition, as well as the Affidavit of Service, is attached hereto as Composite Exhibit B.

3.      Mr. Dunn was a former director of GMI Capital Corporation ("GMICC").

4.      Mr. Dunn did not object to the Subpoena for Documents or the Subpoena for Deposition.

5.      Rather, through counsel for GMICC, Mr. Sloan Carr, Esq. ("Mr. Carr"), Mr. Dunn produced certain documents responsive to the Subpoena for Documents and ultimately appeared for his deposition on August 28, 2006.

6.      During the deposition, Mr. Dunn was questioned about the existence of other documents in his possession which had not been produced to Plaintiff.

7.      Specifically, the Subpoena for Documents requested in part, "Any and all correspondence, emails, faxes, or other documents containing or reflecting any communications between you any of the current or former officers, directors, or shareholders of Defendant, GMI Capital Corporation from 2004 to the present." See Ex. A, Attachment to the Subpoena, ¶ 1.

8.      Although Mr. Dunn produced many emails responsive to this request from 2004, he produced very few emails from 2005 and only one or two emails from 2006.

9.      Although Mr. Dunn maintained that he had produced all documents in his possession, Plaintiff continued the deposition for the purposes of determining whether all documents had actually been produced.  In addition, it was agreed on the record during the deposition that Mr. Dunn would provide Plaintiff a privilege log of all documents Mr. Dunn was withholding as privileged.

10.     On or about December 15, 2006, Mr. Carr served counsel for Plaintiff with a compact disk containing additional responsive emails, and a privilege log on behalf of Mr. Dunn, itemizing 513 e-mails allegedly protected by attorney-client privilege.  See Exhibit C.

11.     This privilege log, as well as many of Mr. Dunn's claims of privilege, are defective and/or insufficient in many respects.

12.     On or about December 26, 2006, and in good faith effort to resolve these disputes, counsel for Plaintiff wrote to Mr. Carr regarding these deficiencies in the privilege log.  A true and correct copy of this correspondence is attached hereto as Exhibit D.

13.     On January 11, 2007, Mr. Carr wrote a letter in response on behalf of Mr. Dunn. A true and correct copy of Mr. Carr's letter is attached hereto as Exhibit E.

14.     On January 22, 2007, counsel for Plaintiff wrote to Mr. Carr in response to his letter of January 11, 2007.  Although agreement was reached regarding certain of the issues related to the privilege log, there was no agreement as to certain issues explained in more detail below.  A true and correct copy of the January 22, 2007, letter is attached hereto as Exhibit F.

15.     First, privilege log entries numbers 124-125, 130-131, 138-141, 149-152, 159, 170, 182-186, 192, 231-239, 245-250, 252-262, 266-271, 276, 282, 284, 286-295, 439, 447-448, 452-454, 462, 464, and 467 list e-mails with general conclusory descriptions such as "regarding discovery issues/scheduling," "discovery issues or deposition preparation," "regarding legal strategy," or "litigation update" in which an attorney was neither the author nor a recipient and which does not identify an attorney from whom legal advice was sought.  Such general descriptions are insufficient to establish the basis for an assertion of attorney-client privilege.

16.     In his January 11, 2007, letter, Mr. Carr conceded that privilege log entries numbers 124-125, 130-131, 138-141, 149-152, 159, 170, 182-186, 192, 231-239, 245-250, 252-

3

262, 266-271, 276, 282, 284, 286-295, 439, 447-448, 452-454, 462, 464, and 467[1] were deficient, noting that he "frankly did not have time to prepare the more detailed privilege log you are requesting, but will work on doing so." In spite of this concession and promise to provide additional detail, to date, neither Mr. Carr or Mr. Dunn have provided this promised additional information.

17.    Second, privilege log entries numbers 9-17, 25, 29, 46-47, 49, 59-60, 65, 119, 317, 346-348, 350-354, and 356-357 do not identify an attorney from whom legal advice was sought. Although many of the entries indicate they were to or from Larry Austin, Esq., Mr. Austin was a director of GMICC, not its in-house or outside counsel. There is no indication in the log that Mr. Austin was acting in any capacity other than as a director of GMICC. Thus, these documents do not reflect communications to or from an attorney for GMICC or Mr. Dunn relating to legal advice and are therefore not privileged.

18.    Third, privilege log entries numbers 77-114 fail to describe the nature of any of the documents, providing only an "XXXXXXXX" as the description. In a footnote in the privilege log, Mr. Dunn explains that the "XXXXXXXX" was used because disclosure of the topic would itself violate the attorney-client privilege. However, without more information, Plaintiff has no ability to evaluate the application of the attorney-client privilege. Although Mr. Dunn is not required to disclose any information that in itself is privileged, he can surely provide a general description of the subject matter of the e-mails that both preserves the attorney-client

---

[1] Mr. Carr makes this concession in reference to the privilege log entries "listed in the first bullet point on the second page" of Plaintiff's counsel's December 26, 2006 letter. See Exhibit E. The reference to the first bullet point is an apparent scrivener's error. It is clear from the substance of Mr. Carr's letter that he actually intended to reference the second to last bullet point in Plaintiff's counsel's December 26, 2006 letter. Accordingly, in the January 22, 2007 letter to Mr. Carr, Plaintiff's counsel reiterated the correct privilege log entry numbers (listed in paragraph 16 of this Motion) that Mr. Carr agreed were inadequate, to which Mr. Carr never objected or otherwise contradicted.

4

privilege and provides Plaintiff with a meaningful opportunity to assess the applicability of the alleged privilege.

19.    Fourth, privilege log entries numbered 82-86, 87, 92-99, 106-113, were all e-mails that were received by persons that were neither management nor attorneys of GMICC. Thus, more information as to the identity of each recipient in the above mentioned e-mails as well as more detailed topic descriptions are necessary to explain how such documents are protected by the attorney-client privilege.

20.    In accordance with Local Rule LCvR 7(m), and as set forth above, counsel for Plaintiff has discussed this Motion and the issues it sets forth with counsel for Mr. Dunn in a good faith effort to narrow and/or resolve their areas of disagreement.   The aforementioned issues remain in dispute, and Mr. Dunn opposes this motion.

## MEMORANDUM OF LAW

An individual invoking privilege must "provide sufficient detail to demonstrate fulfillment of all the legal requirements for the application of the privilege." CSX Transp., Inc. v. Admiral Ins. Co., 1995 WL 855421 *3 (M.D. Fla. 1995).  A privilege log invoking the attorney-client privilege must provide as to each document: 1) identification of the attorney(s) from which legal advice was sought, 2) nature of the document, 3) identification of all persons who received the document and/or were informed of its substance, and 4) the author of the document as well as the date it was created.  See Alexander v. Federal Bureau of Investigation, 192 F.R.D. 42, 45 (D.D.C. 2000).

Although the document does not necessarily need to be authored or addressed to an attorney, it must identify an attorney with whom a confidential communication was made. Smithkline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 477 (D.C. Pa. 2005).  Furthermore,

5

merely copying or routing documents through in-house or outside counsel does not shield those communications as privileged. Id. at 478.

The description of the contents of the document must demonstrate that legal advice was being sought as compared to business advice. See, St. Joe Co. v. Liberty Mutual Ins. Co., 2006 WL 3391208 *5 (M.D. Fla. 2006)  Also, general conclusory descriptions such as "discussed legal advice" are insufficient descriptions. See cf, CSX Transp., 1995 WL 855421 at *3 (holding that privilege log entry of "confidential attorney-client communication for the purpose of providing legal advice concerning environmental claims" as conclusory and insufficient for determining application of attorney-client privilege).

As demonstrated above, Mr. Dunn's privilege log fails to set forth the requisite content for asserting privilege for a large number of documents it lists.   The general conclusory descriptions provided for entries 124-125, 130-131, 138-141, 149-152, 159, 170, 182-186, 192, 231-239, 245-250, 252-262, 266-271, 276, 282, 284, 286-295, 439, 447-448, 452-454, 462, 464, and 467 are legally insufficient, failing to adequately identify the parties to the communications and the existence of any legal advice sought.

Furthermore, privilege log entries 9-17, 25, 29, 46-47, 49, 59-60, 65, 119, 317, 346-348, 350-354, and 356-357 identify Larry Austin as a party to the communications.  Although Mr. Austin is incidentally an attorney, he was also a director of GMICC, and there is nothing to indicate that his role as party to the communications was anything more than a function of his role as director of GMICC.  Without any indication that the purpose of the e-mails listed was for GMICC or Mr. Dunn to seek legal advice from Mr. Austin, the simple fact that Mr. Austin is an attorney does not shield these communications from discovery.

6

Additionally, the description "XXXXXXXX" in entries 77-114 provides absolutely no indication of the nature of the communications and, thus, cannot substantiate a claim of attorney-client privilege. Finally, entries 82-86, 87, 92-99, 106-113 require more information as to the identity of the parties to the communications and more detail as to the nature of the communications before it is possible to ascertain whether they consist of attorney-client communications warranting privilege.

WHEREFORE, Plaintiff GIA-GMI, LLC respectfully moves the Court to enter an Order enforcing the subpoena and compelling Allan M. Dunn to produce those documents commanded by the subpoena, and awarding Plaintiff GIA-GMI LLC reasonable expenses incurred in obtaining the Order, including attorneys' fees and costs, together with such other and further relief the Court deems just and proper.

Dated:  April 20, 2007                                FOLEY & LARDNER LLP

                                                      _____

C. Edward Polk, Jr., D.C. Bar #472453
3000 K Street, Suite 500
Washington, D.C. 20007
Telephone     202-672-5300
Facsimile     202-672-5399

John Tucker
C. Ryan Maloney
One Independent Drive, Suite 1300
P.O. 240
Jacksonville, Florida 32201-0240
Telephone     904-359-2000
Facsimile     904-359-8700

Attorneys for Plaintiff

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the following via facsimile and U.S. mail, first-class postage prepaid on April _23rd_, 2007.

Ira Marcus
Sloan Carr
Ira Marcus, P.A.
1313 South Andrews Avenue
Ft. Lauderdale, FL 33316
Facsimile: (954) 523-3858

_____
Karen M. Grane

8

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

GIA-GMI, LLC, a Florida Limited Liability company,

v.

GMI CAPITAL CORPORATION, a Delaware
corporation

**SUBPOENA IN A CIVIL CASE**

PENDING IN
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

CASE NUMBER:[1] **3:05-CV-300-J-ZOTEM**

TO:  Alan M. Dunn
     2100 M. Street NW, Suite 200
     Washington, D.C.

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in
     the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date
     and time specified below (list documents or objects):   **See Exhibit "A", attached.**

| PLACE | DATE AND TIME |
|---|---|
| Foley & Lardner, LLP<br>One Independent Drive, Suite 1300<br>Jacksonville, FL 32201 | **BY Friday, June 30, 2006, 10:00<br>A.M** |

☐      YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

*FILED*    07-154

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *C. [signature]*<br>**Attorney for Plaintiff** | 6/8/06 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| C. Ryan Maloney<br>(904) 359-2000 Telephone, (904) 359-8700 Facsimile | Foley & Lardner<br>One Independent Drive, Suite 1300<br>P.O. Box 240<br>Jacksonville, Florida 32201-0240 |

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

K_543813.1



**EXHIBIT**
A
COMPOSITE

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | | PLACE |
|------|--|-------|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

43813.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)     A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)     If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## EXHIBIT A

## DEFINITIONS

For purposes of this subpoena, the term "document" is used in the broadest possible sense. It refers, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video or other recordings of communications, oral statements, conversations, or events.

This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.

Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is a part of another document, is to be considered a separate document.

## DOCUMENTS TO BE PRODUCED

1.  Any and all correspondence, emails, faxes, or other documents containing or reflecting any communications between you any of the current or former officers, directors, or shareholders of Defendant, GMI Capital Corporation from 2004 to the present.

2.  Any and all correspondence, emails, faxes, or other documents containing or reflecting any communications between you and J. Richard Blankenship regarding or relating to GMI Capital Corporation or Pangea Holdings, LLC.

3.  Any and all correspondence, emails, faxes, or other documents containing or reflecting any communications between you and any of the current or former officers, directors, managing members, members or employees of Pangea Holdings, LLC relating to GMI Capital Corporation, GIA-GMI, LLC, J. Richard Blankenship or this lawsuit.

4.  Any and all bills, invoices, or other documents which reflect or indicate the date, time, and/or length of any telephone calls from you to any of the current or former officers or

AO 88 (Rev. 1/94) Subpoena in a Civil Case

directors of Defendant, GMI Capital Corporation from December, 2004 through March, 2004.

5.    Any and all documents evidencing or relating to the transfer of any assets of Defendant, GMI Capital Corporation to any other entity.

6.    Any and all documents evidencing or relating to your ownership interest in Pangea Holdings, LLC.

7.    Any and all documents evidencing any payment from GMI Capital Corporation to you.

## AFFIDAVIT OF SERVICE

# UNITED STATES DISTRICT COURT
## District of Columbia

Case Number: 3:05-CV-300-J-ZOTEM

Plaintiff:
**GIA-GMI, LLC, A FLORIDA LIMITED LIABILITY COMPANY**

vs.

Defendant:
**GMI CAPITAL CORPORATION, A DELAWARE CORPORATION**

Received by ALIASS on the 1st day of June, 2006 at 10:44 am to be served on **ALAN M. DUNN, 2100 M. STREET NW, SUITE 200, WASHINGTON, DC 20037**.

I, Jarvis Giles, being duly sworn, depose and say that on the **15th day of June, 2006** at **11:19 am, I:**

**Personally Served** the within named person above by hand delivering to and personally leaving a **SUBPOENA IN A CIVIL CASE WITH EXHIBITS** at the address stated above.

**Description** of Person Served:  Age: 50,  Sex: M,  Race/Skin Color: White,  Height: 6'1",  Weight: 180,  Hair: Brown,  Glasses: N

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

STATE OF VIRGINIA

COUNTY OF FAIRFAX

Subscribed and Sworn to before me on the 15th day of June, 2006 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires: *10-31-07*

**Jarvis Giles**
Process Server

**ALIASS**
D.C.J.S.#11-3710
10560 Main Street, Suite 405
Fairfax, VA  22030
(703) 934-6777
Our Job Serial Number: 2006002189

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9k

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

GIA-GMI, LLC, a Florida Limited Liability company,

v.

GMI CAPITAL CORPORATION, a Delaware
corporation

**SUBPOENA IN A CIVIL CASE**

PENDING IN
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

CASE NUMBER:[1] **3:05-CV-300-J-ZOTEM**

TO:   **Alan M. Dunn**
      **2100 M. Street NW, Suite 200**
      **Washington, D.C.**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in
the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Capital Reporting, 1000 Connecticut Ave., Suite 505, Washington D.C. 20006** | **Friday, June 23, 2006 at 9:30 am** |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date
and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Plaintiffs** | 5/31/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**John Tucker and C. Ryan Maloney**
**(904) 359-2000 Telephone, (904) 359-8700 Facsimile**

Foley & Lardner
One Independent Drive, Suite 1300
P.O. Box 240
Jacksonville, Florida 32201-0240

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

CK_540810.1

EXHIBIT
B
COMPOSITE

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/7/06 at 10:31 a.m. | 2100 M Street, NW, #200 Washington, D.C., 20037 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Alan M. Dunn | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jarvis Giles | PPS |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6/14/06___
       DATE

_Jarvis Giles_
SIGNATURE OF SERVER
ALIASS
10560 MAIN ST., SUITE 405
FAIRFAX, VA 22030
ADDRESS OF SERVER 3710

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

40810.1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GIA-GMI, LLC, a Florida limited liability
company,

      Plaintiff,

  vs.                             Case No. 3:05-CV-300-J-Z0TEM

GMI CAPITAL CORPORATION, a Delaware
corporation,

      Defendant.
_____/

### NOTICE OF FILING AFFIDAVIT OF SERVICE

      PLEASE TAKE NOTICE that the undersigned has filed the original Affidavit of

Service of Alan M. Dunn with the Clerk of the United States District Court this _20th_ day of

June, 2006.

                                   _____
                                   John A. Tucker
                                   Florida Bar No. 0356123
                                   C. Ryan Maloney
                                   Florida Bar No.: 0652903
                                   Foley & Lardner LLP
                                   One Independent Drive, Suite 1300
                                   Jacksonville, FL 32202-5017
                                   P. O. Box 240
                                   Jacksonville, FL 32201-0240
                                   Telephone: 904.359.2000
                                   Facsimile: 904.359.8700

                                   Attorneys for Plaintiff GIA-GMI, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with

the Clerk of the Court using the CM/ELF system which will send notice of the electronic filing

and additionally that I have furnished a copy by U.S. mail, first-class postage prepaid on the _20_

day of June, 2006 to:

Ira Marcus
Ira Marcus, P.A.
1313 South Andrews Ave.
Ft. Lauderdale, FL 33316

_____
Attorney

2

## AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### District of Columbia

Case Number: 3:05-CV-300-J-ZOTEM


Plaintiff:
**GIA-GMI, LLC, A FLORIDA LIMITED LIABILITY COMPANY**
vs.
Defendant:
**GMI CAPITAL CORPORATION, A DELAWARE CORPORATION**


Received by ALIASS on the 1st day of June, 2006 at 3:03 pm to be served on **ALAN M. DUNN, 2100 M. STREET NW, SUITE 200, WASHINGTON, DC 20037.**

I, Jarvis Giles, being duly sworn, depose and say that on the **7th day of June, 2006 at 10:31 am, I:**

**Personally Served** the within named person above by hand delivering to and personally leaving a **SUBPOENA IN A CIVIL CASE and NOTICE Of TELEPHONIC DEPOSITION** at the address stated above.

**Description** of Person Served:  Age: 50,  Sex: M,  Race/Skin Color: White,  Height: 6'4",  Weight: 180,  Hair: Salt/Pepper,  Glasses: N

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.


STATE OF VIRGINIA

COUNTY OF FAIRFAX

Subscribed and Sworn to before me on the 9th day of June, 2006 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires: _12-31-07_

_____
**Jarvis Giles**
Process Server

**ALIASS**
**D.C.J.S.#11-3710**
**10560 Main Street, Suite 405**
**Fairfax, VA  22030**
**(703) 934-6777**
Our Job Serial Number: 2006002105

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9k

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GIA-GMI, LLC, a Florida limited liability
company,

       Plaintiff,

v.                          Case No.: 3:05-cv-00300-HES-TEM

GMI CAPITAL CORPORATION,
a Delaware Corporation,

       Defendant.

_____/

### ALAN M. DUNN'S PRIVILEGE LOG

**COMES NOW**, ALAN M. DUNN, pursuant to Fed. R. Civ. Proc. 26 and 34, and

hereby serves this, his Privilege Log, and identifies the following e-mails as being withheld

from production based upon his assertion of the attorney-client communication privilege[1]:

1.    E-mail from Alan M. Dunn to Daniel R. Michener dated, August 25, 2004, regarding

draft prospectus on proprietary fuel catalyst, including confidential, trade secret, financial

information and projections - totally unrelated to instant lawsuits or discovery of assets.[2]

2.    E-mail from John Formichella, Esq. to Daniel R. Michener dated, October 14, 2004,

regarding call from Nattapon.

---

[1] Mr. Dunn's assertion of privilege is both an individual assertion as to communications he has had as an individual former 'principal' of the Defendant entity, and in his representative capacity as a former officer/representative of the Judgment debtor, GMI CAPITAL CORPORATION.

[2] Withheld on basis of trade-secret privilege, and based on Mr. Dunn's objection to the request that it is violative of his privacy rights, and seeks a document not reasonably calculated to lead to the discovery of relevant or admissible evidence, and seeks documents not impacting on the Plaintiff's ability to satisfy its Judgment.

07-154

FILED
APR 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT
C


3.    E-mail from Daniel R. Michener to Hal Reichwald, Esq., dated, October 19, 2004, regarding 'status and legal game plan'.

4.    E-mail from Dan Michener to Hal Reichwald, Esq. dated November 8, 2004, re: Response from Manatt (law firm).

5.    E-mail from Dan Michener to Hal Reichwald, Esq. dated November 6, 2004, re: Response from Manatt (law firm).

6.    E-mail from Dan Michener to Hal Reichwald, Esq. dated November 8, 2004, re: sending the letter (addressing legal issues).

7.    E-mail from Hal Reichwald, Esq. to Dan Michener dated November 9, 2004, re: sending the letter (addressing legal issues).

8.    Letter from Hal Reichwald, Esq. to James Silkenat, Esq. dated November 9, 2004, re: OPIC/GMI Asia.

9.    E-mail from Dan Michener to Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 1, 2005, re: GMI Note-notice of default and attorney's advice regarding same.

10.    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: (proposed) revised letter to the Ambassador.

11.    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: (proposed) revised letter to the Ambassador.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

12.   E-mail from Charles Toy to James McWalters, Larry Austin, Esq., Michael Salucci, Alan Dunn, Dan Michener and Denman Van Ness dated January 11, 2005, re: revised letter to the Ambassador.

13    E-mail from Denman Van Ness to Dan Michener, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: revised letter to the Ambassador.

14    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: revised letter to the Ambassador.

15    E-mail from Denman Van Ness to Dan Michener, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: revised letter to the Ambassador.

16    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: revised letter to the Ambassador.

17    E-mail from Dan Michener to Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 11, 2005, re: revised letter to the Ambassador.

18    E-mail from Dan Michener to John Hale, Esq. dated January 11, 2005, re: GIA-GMI UCC filing.

-3-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

19    E-mail from Dan Michener to Alan Dunn and Charles Toy dated January 11, 2005, re: Question on a UCC filing and legal advice as to same from John Hale, Esq.

20    E-mail from Dan Michener to John Hale, Esq. dated January 11, 2005, re: question on a UCC filing and legal advice as to same from John Hale, Esq.

21    E-mail from Charles Toy to Alan Dunn and Dan Michener dated January 11, 2005, re: question on a UCC filing and legal advice as to same from John Hale, Esq.

22    E-mail from Dan Michener to Alan Dunn and Charles Toy dated January 11, 2005, re: question on a UCC filing and legal advice as to same from John Hale, Esq.

23    E-mail from Dan Michener to John Hale, Esq. dated January 21, 2005, re: question on a UCC filing and legal advice as to same from John Hale, Esq.

24    E-mail from Hale Boggs, Esq. to Dan Michener, Alan Dunn, Denman Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 14, 2005, re: GMI Note - Notice of Default.

25    E-mail from Dan Michener to Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters, and Larry Austin, Esq. dated January 14, 2005, re: GMI Note - notice of default.

26    E-mail from Alan Dunn to Dan Michener dated January 14, 2005, re: GMI Note- notice of default and attorney's advice regarding same.

27    E-mail from Dan Michener to Hale Boggs, Esq., Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 14, 2005, re: GMI Note - notice of default and attorney's advice regarding same.

-4-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

28    E-mail from Hale Boggs, Esq. to Dan Michener, Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 14, 2005, re: GMI Note -notice of default and attorney's advice regarding same.

29    E-mail from Dan Michener to Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 14, 2005, re: GMI Note -notice of default.

30    E-mail from Alan Dunn to Dan Michener dated January 14, 2005, re: GMI Note - notice of default and attorney's advice regarding same.

31    E-mail from Dan Michener to Hale Boggs, Esq., Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 14, 2005, re: GMI Note-notice of default and attorney's advice regarding same.

32    E-mail from Hale Boggs, Esq. to Dan Michener, Alan Dunn, Van Ness, Michael Salucci, Charles Toy, James McWalters and Larry Austin, Esq. dated January 14, 2005, re: GMI Note-notice of default and attorney's advice regarding same.

33    E-mail from Alan Dunn to Dan Michener, dated January 14, 2005, re: GMI Note- notice of default and attorney's advice regarding same.

34    E-mail from Dan Michener to Alan Dunn, Michael Salucci, Van Ness, Larry Austin, Esq., James McWalters and Charles Toy dated January 14, 2005, re: GMI Note-notice of default and attorney's advice regarding same.

35    E-mail from Dan Michener to Alan Dunn dated January 14, 2005, re: Conference Call to discuss attorney's advice regarding Notice of Default.

-5-

36    E-mail from Alan Dunn to Dan Michener dated January 14, 2005, re: Conference call Call to discuss attorney's advice regarding Notice of Default.

37    E-mail from Dan Michener to Alan Dunn, Michael Salucci, an Ness, Larry Austin, Esq., James McWalters and Charles Toy dated January 14, 2005, re: conference call to discuss attorney's advice regarding Notice of Default..

38    E-mail from Dan Michener to Michael Salucci dated January 14, 2005, regarding Conference call to discuss attorney's advice regarding Notice of Default.

39    E-mail from Michael Salucci to Dan Michener dated January 14, 2005, re: conference call to discuss attorney's advice regarding Notice of Default.

40    E-mail from Alan Dunn to Dan Michener dated January 17, 2005, re: e-mails to Rick for counsel / Manatt.

41    E-mail from Alan Dunn to Hale Boggs, Esq., Dan Michener, Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 18, 2005, re: conference call today, January 18, 2005, to discuss attorney's advice regarding Notice of Default.

42    E-mail from Hale Boggs, Esq. to Dan Michener, Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 18, 2005, re: conference call today, January 18, 2005, to discuss attorney's advice regarding Notice of Default.

43    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 18,

2005, re: conference call today, January 18, 2005, to discuss attorney's advice regarding Notice of Default..

44    E-mail from Dan Michener to W. Denman Van Ness, Larry Austin, Esq., Alan Dunn, Michael Salucci and James McWalters dated January 18, 2005, re: discussion with Manatt and some insights on UCC law/lien priority/IRS process.

45    E-mail from Dan Michener to Alan Dunn dated January 18, 2005, re: e-mails to Rick for counsel / Manatt.

46    E-mail from Dan Michener to W. Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 17, 2005, re: proposed cap table - no conversions.

47    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 18, 2005, re: conference call today.

48    E-mail from Hale Boggs, Esq. to Dan Michener, Denman Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 18, 2005, re: conference call today.

49    E-mail from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq. and Michael Salucci dated January 18, 2005, re: conference call today.

50    E-mail from Alan Dunn to Dan Michener dated January 18, 2005, re: e-mails to Rick for counsel / Manatt.

51     E-mail from Dan Michener to Alan Dunn dated January 18, 2005, e-mails to Rick for counsel / Manatt.

52     E-mail from Dan Michener to Alan Dunn dated January 18, 2005, re: e-mails to Rick for counsel / Manatt.

53     E-mail from Dan Michener to Alan Dunn dated January 18, 2005, re: e-mails to Rick for counsel / Manatt.

54     E-mail from Alan Dunn to Dan Michener dated January 18, 2005, re: e-mails to Rick for counsel / Manatt.

55     E-mail from Daniel R. Michener to Alan M. Dunn dated, January 19, 2005, attaching Hal Reicnwald, Esq.'s, e-mail of even date, which e-mail furnished legal advice regarding GMICC loan documents.

56     E-mail from Hal Reichwald, Esq. to Dan Michener dated January 19, 2005, re: legal advice regarding Loan to GMI Capital Corporation.

57     E-mail from Dan Michener to Hale T. Boggs, Esq., dated January 19, 2005, regarding legal objectives.

58     E-mail from Dan Michener to Charles Toy, James McWalters, Hale T. Boggs, Esq. and Hal Reichwald, Esq., dated January 19, 2005, regarding follow up on things to do.

59     E.-mail from Daniel R. Michener to Larry J. Austin, Esq., dated, February 14, 2005 regarding status report and Blankenship claim as to D&O policy of insurance.

60     E-mail from Larry J. Austin, Esq. to Dan Michener dated February 13, 2005, regarding - status report.

61    E-mail from Alan M. Dunn to Daniel Michener and Charles D. Toy dated, September 29, 2005, regarding GIA filings and Ira Marcus, Esq.'s, opinions on same.

62    E-mail from Dan Michener to Charles Toy dated September 29, 2005, regarding GIA filings and Ira Marcus, Esq.'s opinions on same.

63    E-mail from Alan M. Dunn to Daniel R. Michener and Charles D. Toy dated, October 3, 2005, regarding budgetary matters related to litigation.

64    Copy of E-mail from Amassador Blankenship's to Dan Michener, Alan M. Dunn, Larry Augstin, Esq. Michael Salucci and W. Denman Van Ness, dated January 7, 2005, with attorney's comments re: XXXXXXXXXXXXXX.[3]

65    E-mail from Dan Michener to Alan Dunn, Larry Austin, Esq., Michael P. Salucci, and W. Denman Van Ness, dated January 7, 2005, regarding budgetary matters related to litigation.

66    E-mail from Alan M. Dunn to Charles D. Toy, Alan M. Dunn, W. Denman Van Ness, Michael P. Salucci, Mio Sylvester, Larry J. Austin, Esq., John P. Formichella, James M. McWalters, and Daniel R. Michener dated April 7, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice.

67    E-mail from Charles Toy to Alan Dunn, Denman Van Ness, Michael Salucci, Mio Sylvster, Lary August, John Formichella,, James McWalters and Dan Michener dated April

---

[3] "XXXXXXXX"'s appear where disclosure of the subject matter of the communication would itself violate the attorney-client communication privilege.

7, 2006, regarding Request for immediate Response on question from Ira Marcus, P.A. regarding legal advice.

68     E-mail from Daniel Michener to Charles D. Toy, Mio Sylvester, Alan M. Dunn, W. Denman Van Ness, Larry J. Austin, Esq., John P. Formichella dated, May 9, 2006, regarding Notice and a request for an Immediate Response as to legal strategy suggested by Ira Marcus, Esq..

69     E-mail from Charles Toy to Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq., and John Fomichella dated May 9, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice.

70     E-mail from Alan Dunn to Charles Toy, Denman Van Ness, Michael Salucci, Mio Sylvester, Larry August, Esq., John Formichella, James McWalters and Dan Michener, dated April 7, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice.

71     E-mail from Charles Toy to Alan Dunn, Denman Van Ness, Michael Salucci, Mio Sylvester, Larry August, Esq., John Formichella, James McWalters and Dan Michener, dated April 7, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice..

72     E-mail from Larry J. Austin, Esq., to Daniel R. Michener, Charles D. Toy, Mio P. Sylvester, Alan M. Dunn, W. Denman Van Ness, Larry J. Austin, Esq., and John Formichella dated, May 9, 2006, regarding  Notice and a request for an Immediate Response as to legal advice from Ira Marcus, Esq.

-10-

73.    E-mail from Dan Michener to Charles Toy, Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq. And John Formichella dated May 9, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice..

74.    E-mail from Charles Toy to Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq. and John Formichella dated May 9, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice..

75.    E-mail from Alan Dunn to Charles Toy, Alan Dunn, Denman Van Ness, Michael P. Salucci, Mio Sylvester, Larry Austin, Esq., John Formichella, James McWalters, and Dan Michener  dated April 7, 2006, regarding Request for Immediate Response on question from Ira Marcus, P.A. regarding legal advice..

76.    E-mail from Charles Toy to Alan Dunn, Denman Van Ness, Michael Salucci, Mio Sylvester, Larry Austin, Esq., John Formichella, James McWalters and Dan Michjener dated April 7, 2006, regarding Request for Immediate Response as to legal issues and question from Ira Marcus, P.A. regarding legal advice.

77.    E-mail from Daniel Michener to Charles D. Toy dated, June 13, 2006, regarding XXXXXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, P.A..

78.    E-mail from Daniel Michener to Charles D. Toy dated, June 13, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

79.    E-mail from Daniel Michener to Peter Mender and Alan Dunn dated, June 13, 2006, regarding XXXXXXXXXX  and legal advice obtained as to same.

80    E-mail from Peter Mendel to Alan Dunn dated, June 13, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

81    E-mail from Peter Mendel to Alan Dunn dated, June 6, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

82    E-mail from Alan Dunn to Robert Anderson, Todd Gillespie, Danny Pang, Nasar Aboubakare, Wilbur Quon, Denman Van Ness, Dan Michener, Charles Toy, and Peter Mendel dated, June 6, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

83    E-mail from Peter Mendel to Alan Dunn dated, June 6, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

84    E-mail from Alan Dunn to Alan Dunn and Peter Mendel dated, June 5, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

85    E-mail from Alan Dunn to Peter Mendel dated May 31, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

86    E-mail from Peter Mendel to Alan Dunn dated, May 25, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

87    E-mail from Alan Dunn to Robert Anderson, Todd Gillespie, Peter Mendel, Danny Pange, Dan Michener, Denman Van Ness, Charles D. Toy, James McWalters, Michael P. Salucci, Larry J. Austin, Esq., Alan Dunn, johnpform@yahoo.com, and James McWalters, dated, May 25, 2006, regarding XXXXXXXXXX and attorney's advice on same.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

88    E-mail from Daniel Michener to Charles D. Toy, W. Denman Van Ness and Alan M. Dunn dated, June 15, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

89    E-mail from Charles Toy to Denman Van Ness, Alan Dunn and Dan Michener dated, June 15, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

90    E-mail from Daniel Michener to Alan Dunn, Denman Van Ness and Charles Toy dated June 15, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

91    E-mail from Michael Salucci to Alan Dunn dated June 15, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

92    E-mail from Peter Mendel to Alan Dunn dated June 13, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

93    E-mail from Peter Mendel to Alan Dunn dated, June 6, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

94    E-mail from Alan Dunn to Robert Anderson, Todd Gillespie, Danny Pang, Nasar Aboubakare, Wilbur Quon, Denman Van Ness, Dan Michener, Charles Toy, and Peter Mendel dated, June 6, 2006, regarding XXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, P.A.

95    E-mail from Peter Mendel to Alan Dunn dated, June 6, 2006, regarding XXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, P.A.

96    E-mail from Alan Dunn to Alan Dunn and Peter Mendel dated, June 5, 2006, regarding XXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, P.A.

-13-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

97    E-mail from Alan Dunn to Peter Mendel dated May 31, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

98    E-mail from Peter Mendel to Alan Dunn dated, May 25, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

99    E-mail from Alan Dunn to Robert Anderson, Todd Gillespie, Peter Mendel, Danny Pange, Dan Michener, Denman Van Ness, Charles D. Toy, James McWalters, Michael P. Salucci, Larry J.XXXXXXXXXX to discuss legal issues and legal advice obtained as to same.

100    E-mail from Charles D. Toy to W. Denman Van Ness, Daniel R. Michener, Alan M. Dunn dated, June 16, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

101 100    E-mail from Alan Dunn to Charles Toy, Denman Van Ness, and Daniel R. Michener dated, June 16, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

102    E-mail from Charles D. Toy to Denman Van Ness, Alan Dunn and Daniel R. Michener dated, June 15, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

103    E-mail from Daniel Michener to Alan Dunn, Denman Van Ness and Charles Toy dated June 15, 2006, regarding XXXXXXXXXX and legal advice obtained as to same.

104    E-mail from Dan Michener to Michael Salucci dated June 15, 2006, re: XXXXXXXXXX and legal advice obtained as to same.

105    E-mail from Michael Salucci to Alan Dunn dated June 15, 2006, regarding XXXXXXXXXXX and legal advice obtained as to same.

106    E-mail from Peter Mendel to Alan Dunn dated June 13, 2006, regarding XXXXXXXXXXX and legal advice obtained as to same.

107    E-mail from Peter Mendel to Alan Dunn dated, June 6, 2006, regarding XXXXXXXXXXX and legal advice obtained as to same.

108    E-mail from Alan Dunn to Robert Anderson, Todd Gillespie, Danny Pang, Nasar Aboubakare, Wilbur Quon, Denman Van Ness, Dan Michener, Charles Toy, and Peter Mendel dated, June 6, 2006, regarding XXXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, P.A.

109    E-mail from Peter Mendel to Alan Dunn dated, June 6, 2006, regarding XXXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, Esq. at Ira Marcus, P.A.

110    E-mail from Alan Dunn to Alan Dunn and Peter Mendel dated, June 5, 2006, regarding XXXXXXXXXXX and message to be sent to Sloan Carr, Esq. and Ira Marcus, P.A.

111    E-mail from Peter Mendel to Alan Dunn dated, May 25, 2006, regarding XXXXXXXXXXX to discuss legal issues raised by corporate counsel.

112    E-mail from Alan Dunn to Peter Mendel dated May 31, 2006, regarding XXXXXXXXXXX to discuss legal issues raised by corporate counsel.

113    E-mail from Alan Dunn to Robert Anderson, Todd Gillespie, Peter Mendel, Danny Pange, Dan Michener, Denman Van Ness, Charles D. Toy, James McWalters, Michael P.

-15-

Salucci, Larry J. Austin, Esq., Alan Dunn, John Formichella and James McWalters, dated, May 25, 2006, regarding XXXXXXXXXX to discuss legal issues raised by corporate counsel.

114    E-mail from William Knudson, Esq. to James McWalters dated May 25, 2006, regarding PEMG Financial Corp. SIQ in re: completion by McWalters & Salucci.[4]

115    E-mail from Daniel Michener to Alan M. Dunn and Sloan Carr, Esq. at Ira Marus, P.A., dated, August 21, 2006, regarding additional E-mails.

116    E-mail from Alan M. Dunn to Daniel R. Michener, Alan M. Dunn and Sloan Carr, Esq. dated, August 21, 2006 regarding additional e-mails.

117    E-mail dated November 8, 2004, from Daniel Michener to Hal Reichwald, Esq., copies to Charles Toy and Alan Dunn regarding response from Annette Philips.

118    E-mail dated November 8, 2004, from Daniel Michener to Hal Reichwald, Esq., copies to Charles Toy and Alan Dunn regarding response from Annette Philips.

119    E-mail dated January 11, 2005, from Daniel Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq., Michael Salucci regarding proposed, revised letter to Ambassador Blankenship.

120    E-mail dated January 11, 2005, from Daniel Michener to Denman Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq., Michael Salucci with a copy to

---

[4] Withheld on basis of trade-secret privilege, and based on Mr. Dunn's objection to the request to the extent that it seeks a document not reasonably calculated to lead to the discovery of relevant or admissible evidence, and not impacting on the Plaintiff's ability to satisfy its Judgment.

-16-

Hale Boggs, Esq. regarding comments from Mr. Salucci and proposed legal correspondence.

121    E-mail dated January 11, 2005, from Charles Toy to James McWalters, Larry Austin, Esq., Michael Salucci, Alan Dunn, Daniel Michener and Denman Van Ness with copies to Hale Boggs, Esq. and Charles Toy regarding revised proposed letter to the Ambassador reflecting suggested edits.

122    E-mail dated January 11, 2005, from W. Denman Van Ness to Dan Michener, Alan Dunn, James McWalters, Larry Austin, Esq., Michael Salucci with a copy to Hale Boggs, Esq. regarding suggested changes to letter to Ambassador Blankenship.

123    E-mail dated January 11, 2005, from Daniel Michener to John V. Hale, Esq. with a legal question about a UCC filing.

124    E-mail dated January 11, 2005, from Daniel Michener to Alan Dunn & Charles Toy regarding legal question about the UCC filing and response from attorney regarding the question.

125    E-mail dated January 11, 2005, from Charles Toy to Alan Dunn and Dan Michener regarding legal question about UCC filing and attorney's advice on same.

126    E-mail dated January 14, 2005, from Hale Boggs, Esq. to Dan Michener, Alan Dunn, Denman Van Ness, Charles Toy, James McWalters, Larry Austin, Esq., and Michael Salucci with a copy to Hal Reichwald, Esq., regarding Note and Notice of Default.

127    E-mail dated January 14, 2005, from Daniel Michener to Hale Boggs, Esq., Alan
Dunn, Denman Van Ness, Michael Salucci, Charles Toy, Jim McWalters, Larry Austin, Esq.
with a copy to Hal Reichwald, Esq., regarding Notice of Default.

128    E-mail dated January 14, 2005, from Daniel Michener to Hale Boggs, Esq., Alan
Dunn, Denman Van Ness, Michael Salucci, Charles Toy, James McWalters, Larry Austin,
Esq., with a copy to Hal Reichwald, Esq., regarding Notice of Default and fax.

129    E-mail dated January 14, 2005, from Daniel Michener to Alan Dunn, Michael
Salucci, Denman Van Ness, Larry Austin, Esq., James McWalters, and Charles Toy, with
a copy to Hal Reichwald, Esq., and Hale Boggs, Esq., regarding conference call regarding
legal issues regarding termination of Asset Purchase Agreement.

130    E-mail dated January 14, 2005, from Alan Dunn to Daniel Michener regarding
conference call with lawyers.

131    E-mail dated January 14, 2005, from Daniel Michener to Alan Dunn, regarding
conference call with lawyers.

132    E-mail dated January 14, 2005, from Daniel Michener to Michael Salucci, Alan
Dunn, Denman Van Ness, Larry Austin, Esq., James McWalters, Charles Toy, Hale Boggs,
Esq. and Hal Reichwald, Esq. regarding conference call with lawyers

133    E-mail dated January 15, 2005, from Daniel Michener to Denman Van Ness, Larry
Austin, Esq., Alan Dunn, Michael Salucci, James McWalters, Charles Toy, Hale Boggs,
Esq. and Hal Reichwald, Esq. regarding discussion with Manatt and inside counsel.

-18-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

134    E-mail dated January 17, 2005, from Daniel Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq., and Michael Salucci regarding XXXXXXXXXXXXX.

135    E-mail dated January 18, 2005, from Daniel Michener to Denman Van Ness, Alan Dunn, Charles Toy, Dan Michener, James McWalters, Larry Austin, Esq., and Michael Salucci, Hale Boggs, Esq. and Hal Reichwald, Esq. regarding GIA rejection of conversion offer.

136    E-mail dated January 18, 2005, from Hale T. Boggs, Esq., to Dan Michener, Denman Van Ness, Alan Dunn, James McWalters, Larry Austin, Esq., and Michael Salucci and Hal Reichwald, Esq. regarding Hale's participation in conference call about legal issues.

137    E-mail dated January 18, 2005, from Alan Dunn to Hale Boggs, Esq., Dan Michener, Denman Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq., and Michael Salucci with a copy to Hal Reichwald, Esq., regarding Alan Dunn's participation in conference call regarding legal issues.

138    E-mail dated January 18, 2005, from Daniel Michener to Alan Dunn, regarding copies of communications with the attorneys.

139    E-mail dated January 18, 2005, from Alan Dunn to Dan Michener regarding communications with the attorneys.

140    E-mail dated January 18, 2005, from Dan Michener to Alan Dunn regarding communications with the attorneys.

141    E-mail dated January 18, 2005, from Alan Dunn to Dan Michener regarding communications with the attorneys.

142    E-mail dated January 19, 2005, from Daniel Michener to Charles Toy, James McWalters, Hale Boggs, Esq., Hal Reichwald, Denman Van Ness, Alan Dunn and Michael Salucci regarding GMI legal issues & legal strategy.

143    E-mail dated January 19, 2005, from Dan Michener to Hale Boggs, Esq., Hal Reichwald, Esq., Larry Austin, Esq., Michael Salucci, Alan Dunn, James McWalters, Charles Toy, Denman Van Ness,  regarding legal strategy.

144    E-mail dated January 19, 2005, from Alan to Dan Michener, regarding legal strategy for dealing with Ambassador Blankenship, attaching e-mail from Hal Reichwald, Esq., regarding legal advice about possible GIA action.

145    E-mail dated January 20, 2005, from Dan Michener to Charles Toy and Jim McWalters with copies to Hal Reichwald, Esq., Alan Dunn and Hale Boggs, Esq. regarding legal strategy with a possible GMI action and insurance coverage.

146    E-mail dated January 20, 2005, from Dan Michener to Denman Van Ness, Alan Dunn, Charles Toy, James McWalters, Larry Austin, Esq., Michael P. Salucci, with a copy to Hal Reichwald, Esq., regarding possible legal action by Ambassador Blankenship/GIA and strategy for same.

147  TBL    E-mail dated February 7, 2005, from Dan Michener to James McWalters, with copy to Charles Toy and Alan Dunn, regarding legal advice received from Hal Reichwald, Esq. about GMI action.

-20-

148    E-mail dated February 9, 2005, from Dan Michener to Alan Dunn and Hal Reichwald, Esq. regarding legal follow up issues.

149    E-mail dated February 9, 2005, from Alan Dunn to Dan Michener regarding legal strategy.

150    E-mail dated February 9, 2005, from Dan Michener to Alan Dunn regarding discussion of legal strategy.

151    E-mail dated February 9, 2005, from Alan Dunn to Dan Michener regarding possible legal claims.

152    E-mail dated February 10, 2005, from Alan Dunn to Dan Michener regarding legal issues.

153    E-mail dated February 15, 2005, from Dan Michener to Hal Reichwald, Esq. with copies to Alan Dunn, James McWalters, Charles Toy and Hale Boggs, Esq., regarding GIA claims.

154    E-mail dated February 16, 2005, from Jim McWalters to Dan Michener, Hal Reichwald, Esq. , Charles Toy and Alan Dunn regarding discussion on legal claims.

155    E-mail dated February 16, 2005, from Hal Reichwald, Esq. to James McWalters, Dan Michener, Charles Toy and Alan Dunn regarding discussions on legal claims.

156    E-mail dated February 16, 2005, from Charles Toy to Hal Reichwald, Esq., Dan Michener, Alan Dunn, and James McWalters, discussions on legal claims.

157    E-mail dated February 16, 2005, from Hal Reichwald, Esq., to Charles Toy, Dan Michener, Alan Dunn, and James McWalters, regarding legal advice/suggestions.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

158    E-mail dated February 16, 2005, from Alan Dunn to Hal Reichwald, Esq., James McWalters, Dan Michener, and Charles Toy regarding legal advice from Hal Reichwald, Esq..

159    E-mail dated May 18, 2005, from Dan Michener to Charles Toy, and Alan Dunn regarding legal strategy.

160    E-mail dated May 18, 2005, from Dan Michener to Casey Lowe, John Formichella, Charles Toy, Hal Reichwald, Esq., Alan Dunn, Denman Van Ness, Michael Salucci, Larry J. Austin, Esq. regarding GMICC legal update.

161    E-mail dated May 20, 2005, from Dan Michener to Alan Dunn, Denman Van Ness, Michael Salucci, Larry Austin, Esq., Charles Toy and Hal Reichwald, Esq. regarding updated on legal issues of Blankenship foreclosure.

162    E-mail dated May 20, 2005, from Denman Van Ness to Dan Michener, Alan Dunn, Michael Salucci, Larry Austin, Esq., Charles Toy, Dan Michener and Hal Reichwald, Esq. regarding legal direction.

163    E-mail dated May 24, 2005, from Dan Michener to Charles Toy, regarding follow up on discussion with Ira Marcus, Esq.

164    E-mail dated May 25, 2005, from Alan Dunn to Dan Michener, regarding feed back on legal advice from Ira Marcus, Esq..

165    E-mail dated May 25, 2005, from Dan Michener to Michael Salucci, Alan Dunn, Charles Toy, Denman Van Ness, and Larry Austin, Esq. regarding follow up on discussion with Ira Marcus, Esq.

-22-

166    E-mail dated May 25, 2005, from Charles Toy to Larry Austin, Esq., Alan Dunn, Daniel Michener, Michael Salucci, Denman Van Ness, and James McWalters regarding discussion with Ira Marcus, Esq. and legal options.

167    E-mail dated May 26, 2005, from Dan Michener to Larry Austin, Esq., Alan Dunn, Denman Van Ness, Michael Salucci, Charles Toy regarding conference call about information from Ira Marcus, Esq. and communications with Foley & Lardner.

168    E-mail dated May 26, 2005, from Charles Toy to Ira Marcus, Esq., with copies to Larry Austin, Esq., Michael Salucci, Alan Dunn, Daniel Michener, and Denman Van Ness, regarding retention.

169    E-mail dated May 27, 2005, from Dan Michener to Charles Toy and Alan Dunn regarding selection of legal strategy offered by attorneys.

170    E-mail dated May 27, 2005, from Charles Toy to Daniel Michener and Alan Dunn regarding selection of legal strategy offered by attorneys.

171    E-mail dated June 7, 2005, from Charles Toy to Denman Van Ness, Alan Dunn, Daniel Michener, Michael Salucci, Larry Austin, Esq., James McWalters, and Dan Michener, regarding retention of Ira Marcus, P.A. and update on status.

172    E-mail dated June 7, 2005, from Denman Van Ness to Charles Toy, Alan Dunn, Michael Salucci, Larry Austin, Esq., James McWalters, and Dan Michener, regarding retention of Ira Marcus, P.A. and update on status.

173    E-mail dated June 7, 2005, from Charles Toy to Denman Van Ness, James McWalters, Dan Michener, Alan Dunn, Michael Salucci and Larry Austin, Esq. regarding retention of Ira Marcus, P.A. and update on status.

174    E-mail dated June 7, 2005, from Charles Toy to Dan Michener and Alan Dunn, regarding work being performed by Ira Marcus, Esq.

175    E-mail dated June 7, 2005, from Daniel Michener to Charles Toy, and Alan Dunn, regarding legal services by Ira Marcus, Esq.

176    E-mail dated June 7, 2005, from Charles Toy to Daniel Michener and Alan Dunn, regarding legal work being performed by Ira Marcus, Esq.

177    E-mail dated June 7, 2005, from Daniel Michener to Charles Toy and Alan Dunn, regarding legal work being performed by Ira Marcus, Esq.

178    E-mail dated June 7, 2005, from Charles Toy to Daniel Michener and Alan Dunn, regarding legal work being performed by Ira Marcus, Esq.

179    E-mail dated June 13, 2005, from Daniel Michener to Denman Van Ness, Larry Austin, Esq., Michael Salucci, Alan Dunn, Charles Toy, regarding retention of Ira Marcus, Esq.

180    E-mail dated June 13, 2005, from Denman Van Ness to Dan Michener, Larry Austin, Esq., Michael Salucci, Alan Dunn, Charles Toy regarding retention of Ira Marcus, Esq.

181    E-mail dated June 14, 2005, from Charles Toy to Larry Austin, Esq., Denman Van Ness, Alan Dunn, Michael Salucci, Dan Michener and James McWalters, regarding retention of Ira Marcus, Esq. and litigation update.

-24-

182    E-mail dated June 28, 2005, from Charles Toy to Larry Austin, Esq., Denman Van Ness, Alan Dunn, Michael Salucci, Dan Michener and James McWalters, regarding litigation update and filings.

183    E-mail dated July 27, 2005, from Charles Toy to Larry Austin, Esq., Denman Van Ness, Alan Dunn, Michael Salucci, Dan Michener and James McWalters, regarding litigation update.

184    E-mail dated July 28, 2005, from Alan Dunn to Charles Toy, regarding litigation update.

185    E-mail dated July 28, 2005, from Dan Michener to Alan Dunn and Charles Toy regarding litigation update.

186    E-mail dated August 2, 2005, from Charles Toy to Larry Austin, Esq., Denman Van Ness, Alan Dunn, Michael Salucci, Dan Michener and James McWalters, regarding litigation update.

187    E-mail dated August 2, 2005, from Alan Dunn to Charles Toy, Larry Austin, Esq., Denman Van Ness, Alan Dunn, Michael Salucci, Dan Michener and James McWalters regarding litigation update and developments with Ambassador Blankenship.

188    E-mail dated August 2, 2005, from Daniel Michener to Alan Dunn, regarding litigation update and developments with Ambassador Blankenship.

189    E-mail dated August 9, 2005, from Dan Michener to Charles Toy, Alan Dunn and Ira Marcus, Esq. regarding handling the lawsuit and discovery.

190    E-mail dated August 9, 2005, from Charles Toy to Dan Michener, Alan Dunn and Ira Marcus regarding information from Ira Marcus.

191    E-mail dated August 12, 2005, from Alan Dunn to Charles Toy, Dan Michener, Alan Dunn and Ira Marcus regarding litigation issues and communications with John Tucker, Esq. of Foley & Lardner.

192    E-mail dated August 12, 2005, from Dan Michener to Alan Dunn regarding litigation issues and communications with John Tucker, Esq. of Foley & Lardner.

193    E-mail dated September 12, 2005, from Alan Dunn to Charles Toy, Dan Michener, and Ira Marcus, Esq. regarding communications with Ambassador Blankenship.

194    E-mail dated September 16, 2005, from Charles Toy to Dan Michener, Alan Dunn and James McWalters regarding discussion with Sloan Carr, Esq., at Ira Marcus, P.A.

195    E-mail dated September 16, 2005, from Charles Toy to Alan Dunn, James McWalters and Daniel Michener, regarding discussion with Sloan Carr, Esq., at Ira Marcus, P.A.

196    E-mail dated September 19, 2005, from Alan Dunn to Charles Toy, James McWalters and Dan Michener regarding discussion with Sloan Carr, Esq., at Ira Marcus, P.A.

197    E-mail dated September 19, 2005, from Charles Toy to Alan Dunn, James McWalters and Dan Michener regarding discussion with Sloan Carr, Esq., at Ira Marcus, P.A.

198    E-mail dated September 19, 2005, from Alan Dunn to Charles Toy, James McWalters  and Daniel Michener regarding discussion with Sloan Carr, Esq., at  Ira Marcus, P.A.

199    E-mail dated September 19, 2005, from Dan Michener to Alan Dunn, Charles Toy, and James McWalters  regarding discussion with Sloan Carr, Esq., at Ira Marcus, P.A.

200    E-mail dated September 26, 2005, from Charles Toy to Alan Dunn and Dan Michener, regarding GIA litigation and possible motions.

201    E-mail dated September 27, 2005, from Charles Toy to Alan Dunn and Daniel Michener regarding litigation and motion for partial summary judgment.

202    E-mail dated September 28, 2005, from Charles Toy to Alan Dunn and Dan Michener  regarding litigation and motion for partial summary judgment.

203    E-mail dated October 1, 2005, from Charles Toy to Dan Michener, Alan Dunn regarding Ira Marcus, P.A.'s advice regarding response to motion for partial summary judgment.

204    E-mail dated October 3, 2005, from Daniel Michener to Charles Toy and Alan Dunn regarding Ira Marcus, P.A.'s advice regarding response to motion for partial summary judgment.

205    E-mail dated October 3, 2005, from Alan Dunn to Dan Michener, regarding Ira Marcus, P.A.'s advice regarding response to motion for partial summary judgment.

206    E-mail dated October 3, 2005, from Alan Dunn to Dan Michener, and Charles Toy

regarding Ira Marcus, P.A.'s advice regarding response to motion for partial summary

judgment.

207    E-mail dated October 3, 2005, from Charles Toy to Dan Michener, Alan Dunn

regarding Ira Marcus, P.A.'s advice regarding response to motion for partial summary

judgment.

208    E-mail dated October 3, 2005, from Charles Toy to Dan Michener, Alan Dunn

regarding Ira Marcus, P.A.'s advice regarding response to motion for partial summary

judgment.

209    E-mail dated October 18, 2005, from Daniel  Michener to Charles Toy and Sloan

Carr, Esq., of Ira Marcus, P.A., regarding discovery.

210    E-mail dated October 20, 2005, from Daniel Michener to Charles Toy , Sloan Carr,

Esq., at Ira Marcus, P.A., Alan Dunn and James McWalters regarding strategy of the GIA

lawsuit.

211    E-mail dated October 20, 2005, from Charles Toy to Dan Michener, Sloan Carr,

Esq., Alan Dunn  and James McWalters, regarding legal strategy.

212    E-mail dated October 20, 2005, from Dan Michener to Charles Toy, Sloan Carr,

Esq., Alan Dunn, James McWalters and Denman Van Ness regarding legal strategy.

213    E-mail dated October 20, 2005, from Charles Toy to Dan Michener, Alan Dunn,

James McWalters, Sloan Carr, Esq. and Denman Van Ness  regarding legal strategy.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

214   E-mail dated October 20, 2005, from James McWalters to Dan Michener, Charles Toy, Sloan Carr, Esq., Alan Dunn, and Denman Van Ness regarding legal strategy.

215   E-mail dated October 20, 2005, from Daniel Michener to Charles Toy, Alan Dunn, James McWalters, Sloan Carr, Esq. and Denman Van Ness regarding legal strategy.

216   E-mail dated October 20, 2005, from James McWalters to Dan Michener, Charles Toy, Alan Dunn, Sloan Carr, Esq. and Denman Van Ness regarding legal strategy.

217   E-mail dated October 20, 2005, from Denman Van Ness to Dan Michener, Charles Toy, Sloan Carr and Alan Dunn, regarding legal strategy.

218   E-mail dated October 22, 2005, from Charles Toy to Alan Dunn and Sloan Carr, Esq., Dan Michener, James McWalters and Denman Van Ness regarding legal strategy.

219   E-mail dated October 22, 2005, from Charles Toy to Alan Dunn, Sloan Carr, Esq., Dan Michener, Denman Van Ness, and James McWalters regarding legal strategy.

220   E-mail dated October 23, 2005, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, Dan Michener, Denman Van Ness, James McWalters and Ira Marcus regarding legal strategy and discovery issues.

221   E-mail dated October 26, 2005, from Dan Michener to Alan Dunn regarding discovery issues and attorney advice on same.

222   E-mail dated October 31, 2005, from Dan Michener to Sloan Carr, Esq. and Charles Toy regarding discovery issues.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

223    E-mail dated November 7, 2005, from Dan Michener to Sloan Carr, Esq., Charles Toy, Alan Dunn, James McWalters, regarding discovery responses and attorney advice on same.

224    E-mail dated November 7, 2005, from Charles Toy to Dan Michener, Alan Dunn, James McWalters, and Sloan Carr, Esq. regarding discovery responses and attorney advice on same.

225    E-mail dated November 8, 2005, from Charles Toy to Alan Dunn, James McWalters and Dan Michener regarding discovery issues and attorney advice on same.

226    E-mail dated November 9, 2005, from Dan Michener to Charles Toy, Alan Dunn, James McWalters, Denman Van Ness, Michael Salucci, Larry Austin, Esq. and Sloan Carr, Esq. regarding discovery issues and attorney advice on same.

227    E-mail dated November 9, 2005, from Charles Toy to Dan Michener, James McWalters, Alan Dunn, Larry Austin, Esq., Michael Salucci, Denman Van Ness regarding discovery issues and attorney advice on same.

228    E-mail dated November 9, 2005, from Dan Michener to Charles Toy, James McWalters, Alan Dunn, Larry Austin, Esq., Michael Salucci, Denman Van Ness and Sloan Carr, Esq. regarding Legal issues

229    E-mail dated November 10 2005, from Dan Michener to Alan Dunn regarding communications with Ira Marcus, P.A. regarding proposed pleadings.

230    E-mail dated November 10 2005, from Dan Michener to Alan Dunn regarding communications with Ira Marcus, P.A. regarding proposed pleadings.

231    E-mail dated November 10 2005, from Charles D. To Alan Dunn regarding deposition dates and discovery scheduling issues based on counsel's inquiry.

232    E-mail dated November 11, 2005, from Charles Toy to Alan Dunn regarding discovery issues, deposition dates and discovery scheduling issues based on counsel's inquiry.

233    E-mail dated November 14, 2005, from Charles Toy to Alan Dunn, James McWalters and Dan Michener regarding discovery issues / scheduling.

234    E-mail dated November 14, 2005, from Daniel Michener to Alan Dunn, James McWalters and Charles Toy regarding discovery issues / scheduling.

235    E-mail dated November 14, 2005, from Alan Dunn to Charles Toy, James McWalters and Dan Michener regarding discovery issues / scheduling.

236    E-mail dated November 14, 2005, from Alan Dunn to Charles Toy, James McWalters and Dan Michener regarding discovery issues / scheduling.

237    E-mail dated November 14, 2005, from Dan Michener to Alan Dunn, James McWalters and Charles Toy regarding discovery issues / scheduling.

238    E-mail dated November 14, 2005, from Dan Michener to Alan Dunn, James McWalters and Charles Toy regarding discovery issues / scheduling.

239    E-mail dated November 14, 2005, from Charles Toy to Alan Dunn, Dan Michener, and James McWalters regarding discovery issues.

240    E-mail dated November 14, 2005, from Dan Michener to Charles Toy, Alan Dunn, and James McWalters and Sloan Carr, Esq. regarding discovery issues.

241    E-mail dated November 14, 2005, from Charles Toy to Dan Michener, Alan Dunn, James McWalters and Sloan Carr, Esq. regarding discovery issues.

242    E-mail dated November 14, 2005, from Dan Michener to Charles Toy, Alan Dunn, James McWalters and Sloan Carr, Esq. regarding discovery issues.

243    E-mail dated November 14, 2005, from Alan Dunn to Dan Michener, Charles Toy, and Sloan Carr, Esq. regarding discovery issues.

244    E-mail dated November 14, 2005, from Charles Toy to Sloan Carr, Esq., Dan Michener, Alan Dunn, and James McWalters regarding discovery issues.

245    E-mail dated November 14, 2005, from James McWalters to Charles Toy, Alan Dunn, and Dan Michener regarding discovery issues.

246    E-mail dated November 17, 2005, from Charles Toy to James McWalters, Alan Dunn and Dan Michener regarding discovery issues.

247    E-mail dated November 17, 2005, from Dan Michener to Charles Toy, James McWalters, and Alan Dunn regarding discovery issues.

248    E-mail dated November 18, 2005, from James McWalters to Charles Toy, Alan Dunn, Dan Michener regarding discovery scheduling and locations.

249    E-mail dated November 18, 2005, from Charles Toy to Jim McWalters, Alan Dunn, and Dan Michener regarding discovery scheduling and locations.

250    E-mail dated November 18, 2005, from James McWalters to Charles Toy, Alan Dunn, and Dan Michener regarding discovery scheduling and locations.

251     E-mail dated November 23, 2005, from Charles Toy to Alan Dunn, Dan Michener and James McWalters regarding deposition discussions with Sloan Carr, Esq..

252     E-mail dated November 23, 2005, from Dan Michener to Charles Toy, Alan Dunn, and James McWalters regarding discovery issues.

253     E-mail dated November 23, 2005, from Charles Toy to James McWalters,  Alan Dunn, and Dan Michener regarding discovery issues.

254     E-mail dated November 23, 2005, from James McWalters to Charles Toy, Alan Dunn, and Dan Michener regarding discovery issues and deposition preparation.

255     E-mail dated  November 23, 2005, from Alan Dunn to Charles Toy, James McWalters, Dan Michener regarding discovery issues and deposition preparation.

256     E-mail dated November 23, 2005, from Dan Michener to Alan Dunn, Charles Toy and James McWalters regarding discovery issues and deposition preparation.

257     E-mail dated November 23, 2005, from Charles Toy to Dan Michener, James McWalters and  Alan Dunn regarding discovery issues and deposition preparation.

258     E-mail dated November 23, 2005, from Dan Michener to Charles Toy, James McWalters , and Alan Dunn regarding discovery issues and deposition preparation.

259     E-mail dated November 23, 2005, from Charles Toy to Dan Michener, Alan Dunn, and James McWalters regarding discovery issues and deposition preparation.

260     E-mail dated November 23, 2005, from Charles Toy to Alan Dunn, Dan Michener, James McWalters regarding discovery issues and requests by Plaintiff.

-33-

261      E-mail dated November 23, 2005, from Dan Michener to Charles Toy, Alan Dunn

and James McWalters regarding discovery issues.

262      E-mail dated November 24, 2005, from Charles Toy to Dan Michener, James

McWalters and Alan Dunn regarding discovery issues and legal strategy.

263      E-mail dated November 27 2005, from Dan Michener to Alan Dunn, James

McWalters, Charles Toy and Sloan Carr, Esq. regarding DOTS and legal strategy.

264      E-mail dated November 28, 2005, from Charles Toy to Dan Michener, Sloan Carr,

Esq., James McWalters and Alan Dunn  regarding legal strategy.

265      E-mail dated November 28, 2005, from Dan Michener to Charles Toy, Alan Dunn,

James McWalters and Sloan Carr, Esq. regarding legal strategy.

266      E-mail dated November 28, 2005, from Charles Toy to Alan Dunn, James

McWalters and Dan Michener regarding legal strategy and discovery scheduling.

267      E-mail dated November 28, 2005, from Charles Toy to Jim McWalters, Alan Dunn

and Dan Michener regarding discovery scheduling.

268      E-mail dated November 28, 2005, from Charles Toy  to Alan Dunn, James

McWalters  and Dan Michener regarding discovery scheduling.

269      E-mail dated November 28, 2005, from Dan Michener to Charles Toy, Alan Dunn

and James McWalters  regarding discovery scheduling.

270      E-mail dated November 29, 2005, from Alan Dunn to Charles Toy regarding

discovery.

271    E-mail dated November 29, 2005, from Charles Toy to Alan Dunn regarding scheduling.

272    E-mail dated November 29, 2005, from Charles Toy to Dan Michener, James McWalters and Alan Dunn regarding deposition preparation.

273    E-mail dated November 29, 2005, from Dan Michener to Charles Toy and James McWalters and Alan Dunn regarding deposition preparation.

274    E-mail dated November 29, 2005, from Dan Michener to Charles Toy, James McWalters and Alan Dunn and Sloan Carr, Esq. regarding deposition preparation.

275    E-mail dated November 29, 2005, from Alan Dunn to Charles Toy regarding deposition preparation.

276    E-mail dated November 29, 2005, from Alan Dunn to Dan Michener regarding deposition preparation scheduling.

277    E-mail dated November 30, 2005, from Sloan Carr, Esq. to Charles Toy, Ira Marcus, Esq. and Alan Dunn regarding discovery deposition scheduling.

278    E-mail dated November 30, 2005, from Charles Toy to Alan Dunn, Ira Marcus, Esq. and Sloan Carr, Esq. regarding discovery scheduling.

279    E-mail dated November 30, 2005, from Alan Dunn to Charles Toy, Sloan Carr, Esq. and Ira Marcus, Esq. regarding discovery scheduling.

280    E-mail dated November 30, 2005, from Alan Dunn to Charles Toy, Sloan Carr, Esq. and Ira Marcus, Esq. regarding depositions and discovery scheduling.

231.    E-mail dated December 5, 2005, from James McWalters to Charles Toy, Alan Dunn, Dan Michener, and Sloan Carr, Esq. regarding discovery depositions and legal advice regarding discovery.

282    E-mail dated December 5, 2005, from James McWalters to Charles Toy and Alan Dunn regarding call to discuss legal advice regarding discovery.

283    E-mail dated December 5, 2005, from Charles Toy to James McWalters, Alan Dunn, Dan Michener, and Sloan Carr, Esq. regarding legal advice on discovery.

284    E-mail dated December 5, 2005, from Charles Toy to James McWalters and Alan Dunn regarding contact for legal advice on discovery issues.

285    E-mail dated December 5, 2005, from James McWalters to Charles Toy, Alan Dunn, Dan Michener, and Sloan Carr, Esq. regarding contact for legal advice on discovery issues.

286    E-mail dated December 5, 2005, from James McWalters to Alan Dunn, Charles Toy and Dan Michener regarding contact for legal advice on discovery issues.

287    E-mail dated December 5, 2005, from James McWalters to Charles Toy, Alan Dunn, and Dan Michener regarding contact for legal advice on discovery issues.

288    E-mail dated December 5, 2005, from Dan Michener to James McWalters, Alan Dunn and Charles Toy regarding contact for legal advice on discovery issues.

289    E-mail dated December 6, 2005, from Alan Dunn to Dan Michener, James McWalters, Alan Dunn and Charles Toy, regarding contact for legal advice on discovery issues.

-36-

290    E-mail dated December 6, 2005, from Alan Dunn to Dan Michener, James McWalters,  and Charles Toy, regarding contact for legal advice on discovery issues.

291    E-mail dated December 6, 2005, from Alan Dunn to James McWalters regarding contact for legal advice on discovery issues.

292    E-mail dated December 6, 2005, from Charles Toy to Dan Michener, Alan Dunn and James McWalters regarding contact for legal advice on discovery issues.

293    E-mail dated December 6, 2005, from Charles Toy to Alan Dunn, Dan Michener, and James McWalters regarding telephone conversation with Ira Marcus, P.A. and legal advice regarding discovery.

294    E-mail dated December 6, 2005, from Alan Dunn to Charles Toy, Dan Michener, and James McWalters regarding contact for legal advice on discovery issues.

295    E-mail dated December 6, 2005, from Alan Dunn to Charles Toy, Alan Dunn, Dan Michener, and James McWalters regarding contact for legal advice on discovery issues.

296    E-mail dated December 6, 2005, from Dan Michener to Alan Dunn, James McWalters Charles Toy and Sloan Carr, Esq., regarding contact for legal advice on discovery issues.

297    E-mail dated December 6, 2005, from Charles Toy to Larry Austin, Esq., Dan Michener, Michael P. Salucci, Alan Dunn, Denman Van Ness and  James McWalters regarding developments in litigation and Ira Marcus, P.A.'s legal advice regarding same.

298    E-mail dated December 9, 2005, from Charles Toy to Alan Dunn, regarding message communications with Ira Marcus, P.A.

-37-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

299    E-mail dated December 9, 2005, from Charles Toy to Alan Dunn, regarding message communications with Ira Marcus, P.A.

300    E-mail dated December 9, 2005, from Alan Dunn to Charles Toy regarding message communications with Ira Marcus, P.A.

301    E-mail dated December 9, 2005, from Charles Toy to Ira Marcus, Esq., Alan Dunn, and Sloan Carr, Esq. regarding message communications with Ira Marcus, P.A.

302    E-mail dated December 9, 2005, from Charles Toy to Ira Marcus, Esq., Alan Dunn, and Sloan Carr, Esq. regarding message communications with Ira Marcus, P.A.

303    E-mail dated December 9, 2005, from Charles Toy to Ira Marcus, Esq. and Alan Dunn, regarding message communications with Ira Marcus, P.A.

304    E-mail dated December 10, 2005, from Dan Michener to Charles Toy and Michael Salucci, Larry Austin, Esq., Denman Van Ness, James McWalters, and Alan Dunn, regarding Ira Marcus, P.A. representation and legal advice.

305    E-mail dated December 10, 2005, from Charles Toy to Dan Michener, James McWalters, Denman Van Ness, Alan Dunn, Michael Salucci, and Larry Austin, Esq. regarding Ira Marcus, P.A. representation and legal advice.

306    E-mail dated December 10, 2005, from Alan Dunn to Charles Toy, Dan Michener, James McWalters, Denman Van Ness, Michael Salucci, and Larry Austin, Esq. regarding Ira Marcus, P.A. representation and legal advice.

307    E-mail dated December 12, 2005, from Charles Toy to Ira Marcus, Esq., Sloan Carr, Esq., and Alan Dunn regarding a request for legal advice.

-38-

302   E-mail dated December 12, 2005, from Charles Toy to Ira Marcus, Esq. and Alan

Dunn regarding legal advice.

309   E-mail dated December 12, 2005, from Charles Toy to Sloan Carr, Esq., Alan Dunn,

Dan Michener and Ira Marcus, Esq. regarding legal advice.

310   E-mail dated December 12, 2005, from Charles Toy to Cheryl Gomez, Joanna Mian,

Sloan Carr, Esq., Alan Dunn and Dan Michener, business management insurance policy

issues.

311   E-mail dated December 12, 2005, from Charles Toy to James McWalters, Alan

Dunn & Dan Michener regarding response to legal advice.

312   E-mail dated December 12, 2005, from Dan Michener to Charles Toy, James

McWalters and Alan Dunn regarding response discussion to Ira Marcus, P.A. legal advice.

313   E-mail dated December 12, 2005, from Sloan Carr, Esq. to Charles Toy, Ira Marcus,

Esq. and Alan Dunn regarding discovery issues.

314   E-mail dated December 12, 2005, from Dan Michener to Charles Toy, James

McWalters, Alan Dunn and Sloan Carr, Esq. regarding discovery issues.

315   E-mail dated December 12, 2005, from Charles Toy to Dan Michener. Sloan Carr,

Esq., James McWalters, and Alan Dunn regarding discovery issues.

316   E-mail dated December 13, 2005, from Charles Toy to Larry Austin, Esq., Michael

Salucci, Dan Michener, Alan Dunn, Denman Van Ness, and James McWalters regarding

discussion of legal advice provided by Ira Marcus, P.A.

317     E-mail dated December 13, 2005, from Dan Michener to Charles Toy, Larry Austin, Esq., Michael Salucci, Alan Dunn, Denman Van Ness, and James McWalters regarding litigation update.

318     E-mail dated December 14, 2005, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, James McWalters, Dan Michener regarding discovery scheduling.

319     E-mail dated December 14, 2005, from Dan Michener to Sloan Carr, Esq., Charles Toy and Alan Dunn, and James McWalters regarding a legal question.

320     E-mail dated December 14, 2005, from Charles Toy to Dan Michener, Alan Dunn, James McWalters and Sloan Carr, Esq. regarding a legal question.

321     E-mail dated December 14, 2005, from Dan Michener to Charles Toy, Alan Dunn, James McWalters and Sloan Carr, Esq. regarding legal question.

322     E-mail dated December 14, 2005, from Dan Michener to Alan Dunn, regarding response to legal advice from Ira Marcus, P.A.

323     E-mail dated December 14, 2005, from Alan Dunn to Daniel Michener, regarding response to legal advice from Ira Marcus, P.A.

324     E-mail dated December 14, 2005, from Alan Dunn to Daniel Michener regarding response to legal advice from  Ira Marcus, P.A.

325     E-mail dated December 14, 2005, from Dan Michener to Alan Dunn regarding response to legal advice from  Ira Marcus, P.A.

326     E-mail dated December 14, 2005 from Dan Michener to Alan Dunn regarding response to legal advice from Ira Marcus, P.A.

327    E-mail dated December 14, 2005, from Charles Toy to Daniel Michener, James McWalters, Alan Dunn, and Sloan Carr, Esq. regarding Ira Marcus, P.A. response to request for legal advice and discovery issues.

328    E-mail dated December 14, 2005, from Dan Michener to Charles Toy, James McWalters, Alan Dunn and Sloan Carr, Esq. regarding response to legal advice from Ira Marcus, P.A.

329    E-mail dated December 14, 2005, from Alan Dunn to Daniel Michener regarding response to legal advice from Ira Marcus, P.A.

330    E-mail dated December 14, 2005, from Charles Toy to Daniel Michener, James McWalters, Alan Dunn and Sloan Carr, Esq. regarding response to legal advice from Ira Marcus, P.A.

331    E-mail dated December 14, 2005, from Daniel Michener to Charles Toy, James McWalters, Alan Dunn and Sloan Carr, Esq. regarding response to legal advice from Ira Marcus, P.A.

332    E-mail dated March 1, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, Dan Michener, and Ira Marcus, Esq. regarding pleadings from GIA-GMI and legal issues.

333    E-mail dated March 1, 2006, from Dan Michener to Alan Dunn, responding to prior e-mail from Sloan Carr, Esq..

334    E-mail dated March 1, 2006, from Alan Dunn to Dan Michener regarding Sloan Carr, Esq.'s e-mail.

-41-

335    E-mail dated March 1, 2006, from Dan Michener to Alan Dunn regarding Sloan Carr, Esq.'s e-mail.

336    E-mail dated March 1, 2006, from Dan Michener to Alan Dunn regarding Sloan Carr, Esq.'s e-mail.

337    E-mail dated March 1, 2006, from Charles Toy to Sloan Carr, Esq., Dan Michener, James McWalters, Alan Dunn and Ira Marcus regarding Sloan Carr, Esq.'s e-mail.

338    E-mail dated March 13, 2006, from Sloan Carr, Esq. to Charles Toy, Dan Michener, Alan Dunn and Ira Marcus, Esq. and James McWalters regarding correspondence from Foley and legal advice.

339    E-mail dated March 13, 2006, from Dan Michener to Sloan Carr, Esq., Ira Marcus, Esq., Charles Toy, Alan Dunn and James McWalters regarding reply to e-mail form Sloan Carr, Esq..

340    E-mail dated March 13, 2006, from Sloan Carr, Esq. to Dan Michener, Charles Toy, Alan Dunn, Jim McWalters and Ira Marcus, Esq. regarding communications with Foley & Lardner.

341    E-mail dated March 13, 2006, from Ira Marcus, Esq. to Sloan Carr, Esq., Dan Michener, Charles Toy, Alan Dunn and James McWalters regarding legal work.

342    E-mail dated March 13, 2006, from Charles Toy to Denman Van Ness, Alan Dunn, Dan Michener regarding discovery issues.

343    E-mail dated March 14, 2006, from Charles Toy to Alan Dunn regarding response to Sloan Carr, Esq.'s e-mail.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

344      E-mail dated April 5, 2006, from Dan Michener to Sloan Carr, Esq. with copy to Charles Toy regarding legal issues.

345      E-mail dated April 6, 2006, from Dan Michener to Alan Dunn, Denman Van Ness, Charles Toy, Michael Salucci, Larry Austin, Esq., and Sloan Carr, Esq., Esq. regarding update.

346      E-mail dated April 6, 2006, from Dan Michener to Alan Dunn, Denman Van Ness, Charles Toy, Michael Salucci, Larry Austin, Esq. regarding update on GMICC matter.

347      E-mail dated April 6, 2006, from Denman Van Ness to Dan Michener, Alan Dunn, Charles Toy, Michael Salucci, and Larry Austin, Esq. regarding GMICC update.

348      E-mail dated April 6, 2006, from Dan Michener to W. Denman Van Ness, Alan Dunn, Charles Toy, Michael Salucci, and Larry Austin, Esq., regarding GMICC update.

349      E-mail dated April 7, 2006, from Dan Michener to Alan Dunn, W. Denman Van Ness, Charles Toy, Ira Marcus, Esq. and Sloan Carr, Esq. regarding legal issues and analysis.

350      E-mail dated April 7, 2006, from Charles Toy to Alan Dunn, W. Denman Van Ness, Michael Salucci, Mio Sylvester, Larry Austin, Esq., John P. Formichella, James McWalters and Dan Michener regarding legal issues and strategy.

351      E-mail dated April 7, 2006, from Alan Dunn to Charles Toy, W. Denman Van Ness, Michael Salucci, Mio Sylvester, Larry Austin, Esq., John P. Formichella, James McWalters and Dan Michener regarding legal issues and strategy.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

352    E-mail dated April 7, 2006, from Dan Michener to Charles Toy, Alan Dunn, W. Denman Van Ness, Michael Salucci, Mio Sylvester, Larry Austin, Esq., John P. Formichella, James McWalters and Dan Michener regarding legal issues and strategy.

353    E-mail dated April 7, 2006, from Denman Van Ness to Charles Toy, Alan Dunn, Michael P. Salucci, Mio Sylvester, Larry J. Austin, Esq., John P. Formichella, James McWalters and Daniel Michener regarding legal issues and strategy.

354    E-mail dated April 7, 2006, from Larry Austin, Esq., to Alan Dunn, Charles Toy, W. Denman Van Ness, Michael Salucci, Mio Sylvester, Larry J. Austin, Esq., John P. Formichella, James McWalters and Daniel Michener regarding legal issues and strategy.

355    E-mail dated April 7, 2006, from Charles Toy to Dan Michener, Sloan Carr, Esq., Denman Van Ness, Larry Austin, Esq., Alan Dunn, James McWalters, John Formichella, Neil Sylvester and Michael Salucci regarding legal issues and strategy.

356    E-mail dated April 7, 2006, from Dan Michener to Charles Toy, Alan Dunn, W. Denman Van Ness, Larry Austin, Esq., John Formichella, Milo Sylvester, Michael Salucci and James McWalters regarding legal strategy and direction to counsel.

357    E-mail dated April 8, 2006, from Charles Toy to Daniel Michener, Neil Sylvester, Alan Dunn, W. Denman Van Ness, Michael Salucci, Larry J. Austin, Esq., James McWalters and John P. Formichella  regarding legal issues and strategy.

358    E-mail dated April 8, 2006, from Neil Sylvester to Alan Dunn, Charles Toy, Denman

Van Ness, Michael Salucci, Larry J. Austin, Esq., John Formichella, James McWalters and

Daniel Michener regarding legal issues and strategy

359    E-mail dated April 8, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy and

Alan Dunn  regarding legal strategy and issues and discovery issues.

360    E-mail dated April 9, 2006, from Sloan Carr, Esq. to Daniel Michener, Charles Toy

and Alan Dunn regarding legal strategy and issues and discovery issues.

361    E-mail dated April 9, 2006, from Daniel Michener to Sloan Carr, Esq., Charles Toy

and Alan Dunn  regarding response to legal advice.

362    E-mail dated April 9, 2006, from Charles Toy to Sloan Carr, Esq., Alan Dunn and

Daniel Michener regarding response to legal advice.

363    E-mail dated April 10, 2006, from Michael P. Salucci to Charles Toy, Alan Dunn,

Denman Van Ness. Neil Sylvester, Larry J. Austin, Esq., John Formichella, James

McWalters and Daniel Michener regarding response to attorney inquiry about discovery

issues.


364    E-mail dated April 10, 2006, from Charles Toy to Sloan Carr, Esq., Alan Dunn and

Daniel Michener regarding response to attorney inquiry about discovery issues.

365    E-mail dated May 2, 2006, from Daniel Michener to Sloan Carr, Esq., Ira Marcus,

Esq. and Charles Toy regarding legal advice and discovery issues.


-45-

366    E-mail dated May 9, 2006, from Charles Toy to Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq., John Formichella, Sloan Carr, Esq., Michael Salucci, James McWalters and Daniel Michener regarding legal advice and discovery issues.

367    E-mail dated May 9, 2006, from Alan Dunn to Charles Toy, Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq., John Formichella, Sloan Carr, Esq., Michael Salucci, James McWalters and Daniel Michener regarding legal advice and discovery issues.

368    E-mail dated May 10, 2006, from John Formichella to Charles Toy, Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq., Sloan Carr, Esq., Mike Case, Jim McWalters, and Daniel Michener regarding legal advice and discovery issues.

369    E-mail dated May 11, 2006, from Michael Salucci to Charles Toy, John Formichella, and Mio Sylvester, Alan Dunn, Denman Van Ness, Larry Austin, Esq., Sloan Carr, Esq., James McWalters and Daniel Michener regarding legal advice and discovery issues.

370    E-mail dated May 19, 2006, from Daniel Michener to Alan Dunn regarding discovery issues  and advice on same from Sloan Carr, Esq.

371    E-mail dated May 21, 2006, from Daniel Michener to Sloan Carr, Esq., Ira Marcus, Esq., Alan Dunn and Charles Toy regarding request for legal advice.

372    E-mail dated May 21, 2006, from Sloan Carr, Esq. to Daniel Michener, Ira Marcus, Esq., Alan Dunn, Charles Toy regarding response to request for legal advice.

373    E-mail dated May 21, 2006, from Dan Michener to Sloan Carr, Esq., Ira Marcus, Esq., Alan Dunn, Charles Toy, regarding response to legal advice.

374    E-mail dated May 21, 2006, from Sloan Carr, Esq. to Dan Michener, Alan Dunn, Charles Toy and Ira Marcus, Esq. regarding legal advice.

375    E-mail dated May 21, 2006, from Charles Toy to Dan Michener, Sloan Carr, Esq., Alan Dunn, and Ira Marcus, Esq. regarding legal advice.

376    E-mail dated May 22, 2006, from Dan Michener to Sloan Carr, Esq., Alan Dunn, and Charles Toy regarding response to legal advice.

377    E-mail dated May 26, 2006, from Dan Michener to Alan Dunn, Charles Toy, Denman Van Ness, Larry Austin, Esq., James McWalters, Michael Salucci, John Formichella, and Sloan Carr, Esq., regarding legal advice and status.

378    E-mail dated May 31, 2006, from Daniel Michener to Alan Dunn regarding communication from Sloan Carr, Esq. regarding discovery issue.

379    E-mail dated June 2, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, and Daniel Michener regarding discovery issues.

380    E-mail dated June 2, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy and Alan Dunn regarding discovery issues.

381    E-mail dated June 2, 2006, from Charles Toy to Sloan Carr, Esq., Alan Dunn and Daniel Michener regarding discovery issues.

382    E-mail dated June 4, 2006, from Dan Michener to Alan Dunn, Charles Toy and Sloan Carr, Esq. regarding discovery issues.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

383    E-mail dated June 5, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy and Dan Michener regarding discovery issues.

384    E-mail dated June 5, 2006, from Alan Dunn to Sloan Carr, Esq., Charles Toy and Dan Michener regarding discovery issues.

385    E-mail dated June 5, 2006, from Alan Dunn to Sloan Carr, Esq., Charles Toy and Daniel Michener regarding discovery issues.

386    E-mail dated June 5, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy and Dan Michener regarding discovery issues.

387    E-mail dated June 5, 2006, from Alan Dunn to Sloan Carr, Esq. regarding discovery issues.

388    E-mail dated June 7, 2006, from Alan Dunn to Sloan Carr, Esq., Charles Toy and Daniel Michener regarding discovery issues.

389    E-mail dated June 7, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy and Daniel Michener regarding discovery issues.

390    E-mail dated June 7, 2006, from Dan Michener to Sloan Carr, Esq., Alan Dunn and Charles Toy regarding discovery issues.

391    391    E-mail dated June 7, 2006, from Sloan Carr, Esq. to Dan Michener, Alan Dunn and Charles Toy regarding legal advice about discovery issues.

392    E-mail dated June 8, 2006, from Dan Michener to Charles Toy, Alan Dunn and Sloan Carr, Esq. regarding discovery issues.

393     E-mail dated June 8, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, and Daniel Michener regarding discovery scheduling.

394     E-mail dated June 8, 2006, from Sloan Carr, Esq. to Daniel Michener, Alan Dunn, Charles Toy  regarding discovery issues and scheduling.

395     E-mail dated June 8, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, and Daniel Michener regarding discovery issues and scheduling.

396     E-mail dated June 12, 2006, from Dan Michener to Sloan Carr, Esq., Alan Dunn, and Charles Toy regarding discovery issues and legal advice.

397     E-mail dated June 12, 2006, from Sloan Carr, Esq. to Daniel Michener, Alan Dunn and Charles Toy  regarding discovery issues and legal strategy.

398     E-mail dated June 12, 2006, from Dan Michener to Sloan Carr, Esq., Alan Dunn and Charles Toy regarding discovery issues and legal strategy.

399     E-mail dated June 12, 2006, from Alan Dunn to Dan Michener, Sloan Carr, Esq. and Charles Toy regarding discovery issues and legal strategy.

400     E-mail dated June 12, 2006, from Alan Dunn to Daniel Michener, Sloan Carr, Esq. and Charles Toy  regarding discovery issues and legal strategy.

401     E-mail dated June 12, 2006, from Sloan Carr, Esq. to Alan Dunn, Daniel Michener and Charles Toy  regarding discovery issues and legal strategy.

402     E-mail dated June 15, 2006, from Alan Dunn to Sloan Carr, Esq., Charles Toy and Daniel Michener regarding discovery issues and scheduling.

403    E-mail dated June 15, 2006, from Alan Dunn to Sloan Carr, Esq., Charles Toy and

Dan Michener regarding discovery issues and legal strategy.

404    E-mail dated June 15, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy and

Dan Michener regarding discovery issues and legal strategy.

405    E-mail dated June 15, 2006, from Dan Michener to Sloan Carr, Esq., Alan Dunn and

Charles Toy and Dan Michener regarding discovery issues and legal strategy.

406    E-mail dated June 15, 2006, from Sloan Carr, Esq. to Dan Michener, Alan Dunn and

Charles Toy and Dan Michener regarding discovery issues and legal strategy.

407    E-mail dated June 15, 2006, from Alan Dunn to Sloan Carr, Esq., Charles Toy and

Dan Michener regarding discovery issues and legal strategy.

408    E-mail dated June 15, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy and

Dan Michener regarding discovery issues and legal strategy.

409    E-mail dated June 15, 2006, from Alan Dunn to Sloan Carr, Esq. regarding

discovery scheduling.

410    E-mail dated June 16, 2006, from Charles Toy to Sloan Carr, Esq., Alan Dunn and

Dan Michener regarding post-judgment discovery issues and legal advice regarding same.

411    E-mail dated June 16, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn and

Dan Michener regarding post-judgment discovery issues and legal advice regarding same.

412    E-mail dated June 21, 2006, from Sloan Carr, Esq. to Charles Toy, Dan Michener

and Alan Dunn  and Jim McWalters regarding discovery scheduling and issues and legal

advice regarding same.

413    E-mail dated June 22, 2006, from Dan Michener to Alan Dunn, Sloan Carr, Esq.,
Charles Toy and James McWalters regarding post-judgment discovery issues and legal
advice regarding same.

414    E-mail dated June 22, 2006, from Charles Toy to Sloan Carr, Esq., James
McWalters, Dan Michener, Alan Dunn regarding post-judgment discovery issues and legal
advice regarding same.

415    E-mail dated June 23, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, Jim
McWalters and Dan Michener regarding discovery and scheduling of.

416    E-mail dated June 23, 2006, from Charles Toy to Sloan Carr, Esq., James
McWalters. Dan Michener, and Alan Dunn regarding legal advice.

417    E-mail dated June 23, 2006, from Sloan Carr, Esq. to Charles Toy, James
McWalters, Daniel Michener, and Alan Dunn regarding legal advice.

418    E-mail dated June 27, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn,
James McWalters, and Daniel Michener regarding legal advice and discovery scheduling.

419    E-mail dated June 27, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy,
Alan Dunn, James McWalters regarding discovery issues and response to legal advice

420    E-mail dated June 28, 2006, from Alan Dunn to Daniel Michener regarding discovery
issue and response to Ira Marcus, P.A.'s legal advice.

421    E-mail dated June 29, 2006, from Alan Dunn to Denman Van Ness regarding
references check. (See FN.2)

422    E-mail dated June 29, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy, Dan Michener and James McWalters regarding discovery scheduling and legal advice regarding same.

423    E-mail dated June 29, 2006, from Charles Toy to Sloan Carr, Esq., James McWalters, Daniel Michener, and Alan Dunn regarding response to e-mail from Sloan Carr, Esq..

424    E-mail dated June 29, 2006, from Alan Dunn to Charles Toy, Sloan Carr, Esq., Dan Michener regarding discovery issues and legal advice.

425    E-mail dated June 29, 2006, from Dan Michener to Alan Dunn, Charles Toy, and Sloan Carr, Esq., regarding discovery issues and legal advice on same.

426    E-mail dated July 7, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy, Dan Michener and James McWalters, regarding discovery issues.

427    E-mail dated July 10, 2006, from Sloan Carr, Esq. to Charles Toy, Alan Dunn, James McWalters, Dan Michener and Ira Marcus, Esq. regarding discovery issues.

428    E-mail dated July 10, 2006, from Charles Toy to Sloan Carr, Esq., James McWalters, Dan Michener, Alan Dunn and Ira Marcus, Esq. regarding discovery issues and scheduling.

429    E-mail dated July 10, 2006, from Dan Michener to Charles Toy, Sloan Carr, Esq., James McWalters, Alan Dunn and Ira Marcus, Esq. regarding discovery scheduling.

430    E-mail dated July 10, 2006, from Charles Toy to Dan Michener, Sloan Carr, Esq., Ira Marcus, Esq.,  Alan Dunn and James McWalters regarding discovery issues.

-52-

431    E-mail dated July 10, 2006, from Dan Michener to Charles Toy, Sloan Carr, Esq., Ira Marcus, Esq., Alan Dunn and James McWalters regarding discovery issues and legal advice regarding same.

432    E-mail dated July 10, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy, Ira Marcus, Esq., Alan Dunn and James McWalters, regarding discovery issues and legal advice regarding same.

433    E-mail dated July 10, 2006, from Charles Toy to Dan Michener, James McWalters, Alan Dunn, Ira Marcus, Esq., and Sloan Carr, Esq. regarding discovery issues and legal advice regarding same.

434    E-mail dated July 10, 2006, from Dan Michener to Charles Toy, James McWalters, Alan Dunn, Ira Marcus, Esq. and Sloan Carr, Esq. regarding discovery issues and legal advice regarding same.

435    E-mail dated July 10, 2006, from Dan Michener to Charles Toy, James McWalters, Alan Dunn, Ira Marcus, Esq., and Sloan Carr, Esq. regarding discovery issues and legal advice regarding same.

436    E-mail dated July 10, 2006, from Dan Michener to Sloan Carr, Esq., Ira Marcus, Esq. and Alan Dunn regarding discovery responses.

437    E-mail dated July 10, 2006, from Charles Toy to Dan Michener, Ira Marcus, Esq., Sloan Carr, Esq., James McWalters and Alan Dunn regarding discovery responses.

438    E-mail dated July 10, 2006, from Charles Toy to Dan Michener, Ira Marcus, Esq., Sloan Carr, Esq., Alan Dunn and  James McWalters, regarding discovery responses.

-53-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

439    E-mail dated July 10, 2006, from Charles Toy to Dan Michener regarding discovery responses.

440    E-mail dated July 10, 2006, from Charles Toy to Daniel Michener regarding discovery responses and Sloan's advice regarding same.

441    E-mail dated July 11, 2006, from Sloan Carr, Esq. to Charles Toy, Dan Michener, Ira Marcus, Esq., Alan Dunn and James McWalters, regarding post-judgment discovery issues and legal advice regarding same.

442    E-mail dated July 11, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy, Ira Marcus, Esq., Alan Dunn and James McWalters, regarding post-judgment discovery responses.

443    E-mail dated July 11, 2006, from Dan Michener to Sloan Carr, Esq., Ira Marcus, Esq., Alan Dunn, James McWalters and Charles Toy regarding post-judgment discovery responses.

444    E-mail dated July 16, 2006, from Sloan Carr, Esq. to Dan Michener, Charles Toy, Alan Dunn, James McWalters regarding post-judgment discovery issues.

445    E-mail dated July 17, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy, Alan Dunn and James McWalters regarding post-judgment discovery issues.

446    E-mail dated July 28, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy, and Alan Dunn regarding post-judgment discovery issues.

447    E-mail dated July 28, 2006, from Alan Dunn to Daniel Michener regarding post-judgment discovery issues.

-54-

448    E-mail dated July 28, 2006, from Dan Michener to Alan Dunn regarding post-judgment discovery issues.

449    E-mail dated August 2, 2006, from Sloan Carr, Esq. to Daniel Michener, Charles Toy, James McWalters and Alan Dunn regarding post-judgment discovery issues.

450    E-mail dated August 2, 2006, from Charles Toy to Sloan Carr, Esq., Alan Dunn, James McWalters and Dan Michener regarding post-judgment discovery issues.

451    E-mail dated August 2, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy, James McWalters and Alan Dunn regarding post-judgment discovery issues.

452    E-mail dated August 7, 2006, from Dan Michener to Alan Dunn regarding post-judgment discovery documents.

453    E-mail dated August 8, 2006, from Daniel Michener to Alan Dunn regarding post-judgment discovery issues and legal advice regarding same.

454    E-mail dated August 8, 2006, from Daniel Michener to Alan Dunn regarding post-judgment discovery.

455    E-mail dated August 8, 2006, from Alan Dunn to Sloan Carr, Esq. regarding post-judgment discovery.

456    E-mail dated August 8, 2006, from Alan Dunn to Sloan Carr, Esq. regarding post-judgment discovery.

457    E-mail dated August 9, 2006, from Sloan Carr, Esq. to Alan Dunn, Charles Toy and Daniel Michener regarding post-judgment discovery.

458    E-mail dated August 9, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy and Alan Dunn regarding post-judgment discovery.

459    E-mail dated August 9, 2006, from Dan Michener to Alan Dunn regarding post-judgment discovery and legal advice from Ira Marcus, P.A. regarding same.

460    E-mail dated August 9, 2006, from Sloan Carr, Esq. to Dan Michener, Charles Toy and Alan Dunn regarding post-judgment discovery and legal advice regarding same.

461    E-mail dated August 9, 2006, from Alan Dunn to Sloan Carr, Esq. regarding post-judgment discovery scheduling and legal advice.

462    E-mail dated August 9, 2006, from Alan Dunn to Daniel Michener regarding post-judgment discovery and legal advice request regarding same.

463    E-mail dated August 9, 2006, from Alan Dunn to Dan Michener regarding Ira Marcus, P.A.'s legal advice regarding post-judgment discovery issues.

464    E-mail dated August 9, 2006, from Dan Michener to Alan Dunn regarding post-judgment discovery legal advice.

465    E-mail dated August 9, 2006, from Sloan Carr, Esq. to Alan Dunn, Dan Michener and Charles Toy regarding post-judgment legal advice.

466    E-mail dated August 9, 2006, from Sloan Carr, Esq. to Alan Dunn, Dan Michener and Charles Toy  regarding post-judgment discovery issues and legal advice regarding same.

467    E-mail dated August 9, 2006, from Alan Dunn to Dan Michener regarding legal advice about post-judgment discovery.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

468     E-mail dated August 9, 2006, from Alan Dunn to Sloan Carr, Esq. regarding post-judgment discovery.

469     E-mail dated August 9, 2006, from Sloan Carr, Esq. to Alan Dunn regarding post-judgment discovery scheduling.

470     E-mail dated August 10, 2006, from Dan Michener to Alan Dunn and Sloan Carr, Esq. regarding post-judgment discovery scheduling.

471     E-mail dated August 10, 2006, from Sloan Carr, Esq. to Dan Michener, Alan Dunn and Charles Toy  regarding post-judgment discovery scheduling.

472     E-mail dated August 11, 2006, from Sloan Carr, Esq. to Charles Toy, Dan Michener and Alan Dunn regarding post-judgment discovery.

473     E-mail dated August 13, 2006, from Charles Toy to Sloan Carr, Esq., Dan Michener and Alan Dunn regarding post-judgment discovery.

474     E-mail dated August 13, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy and Alan Dunn regarding responses to post-judgment discovery and request for legal advice.

475     E-mail dated August 14, 2006, from Sloan Carr, Esq. to Dan Michener, Charles Toy and Alan Dunn regarding responses to post-judgment discovery and legal advice regarding same.

476     E-mail dated August 14, 2006, from Dan Michener to Sloan Carr, Esq., Charles Toy and Alan Dunn regarding post-judgment discovery and legal advice regarding same.

477    E-mail dated August 17, 2006, from Sloan Carr, Esq. to Alan Dunn, Dan Michener, and Charles Toy regarding post-judgment discovery and scheduling and legal advice regarding same

478    E-mail dated August 17, 2006, from Alan Dunn to Sloan Carr, Esq. regarding post-judgment discovery.

479    E-mail dated August 17, 2006, from Dan Michener to Alan Dunn and Sloan Carr, Esq. regarding post-judgment discovery and Ira Marcus, P.A.'s legal advice regarding same.

480    E-mail dated August 21, 2006, from Dan Michener to Alan Dunn and Sloan Carr, Esq. regarding documents responsive to post-judgment discovery requests.

481    E-mail dated August 21, 2006, from Sloan Carr, Esq. to Alan Dunn, Dan Michener, and Charles Toy regarding post-judgment discovery.

482    E-mail dated August 21, 2006, from Alan Dunn to Sloan Carr, Esq. regarding post-judgment discovery.

483    E-mail dated August 23, 2006, from Dan Michener to Alan Dunn and Sloan Carr, Esq. regarding post-judgment discovery responses.

484    E-mail dated August 23, 2006, from Sloan Carr, Esq. to Dan Michener, Alan Dunn and Charles Toy regarding post-judgment discovery responses and legal advice regarding same.

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

485    E-mail dated August 23, 2006, from Dan Michener to Sloan Carr, Esq. and Alan Dunn and Charles Toy regarding responses to post-judgment discovery and legal advice regarding same.

486    E-mail dated August 23, 2006, from Sloan Carr, Esq. to Dan Michener, Alan Dunn and Charles Toy regarding responses to post-judgment discovery requests and legal advice regarding same.

487    E-mail dated August 23, 2006, from Sloan Carr, Esq. to Alan Dunn, Dan Michener and Charles Toy regarding post-judgment discovery requests and legal advice regarding same.

488    E-mail dated August 24, 2006, from Alan Dunn to Sloan Carr, Esq., Dan Michener and Charles Toy regarding post-judgment discovery requests.

489    E-mail dated August 24, 2006, from Alan Dunn to Sloan Carr, Esq., Dan Michener and Charles Toy regarding post-judgment discovery requests.

490    E-mail dated August 24, 2006, from Dan Michener to Alan Dunn, Sloan Carr, Esq. and Charles Toy regarding post-judgment discovery requests and legal advice regarding same.

491    E-mail dated August 24, 2006, from Sloan Carr, Esq. to Alan Dunn and Dan Michener regarding responses to post-judgment discovery requests.

492    E-mail dated August 24, 2006, from Dan Michener to Sloan Carr, Esq. and Alan Dunn regarding post-judgment discovery and strategy for same.

-59-

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

493    E-mail dated August 24, 2006, from Sloan Carr, Esq. to Alan Dunn, Dan Michener and Charles Toy regarding post-judgment discovery issues and legal advice regarding same.

494    E-mail dated August 24, 2006, from Dan Michener to Alan Dunn regarding e-mail from Sloan Carr, Esq. and legal advice from Ira Marcus, P.A.

495    E-mail dated August 24, 2006, from Daniel Michener to Sloan Carr, Esq., Ira Marcus, Esq. and Alan Dunn regarding legal advice on post-judgment discovery issues.

496    E-mail dated August 24, 2006, from Sloan Carr, Esq. to Alan Dunn and Dan Michener regarding post-judgment discovery and scheduling of same.

497    E-mail dated August 24, 2006, from Alan Dunn to Sloan Carr, Esq. regarding scheduling of post-judgment discovery.

498    E-mail dated August 24, 2006, from Sloan Carr, Esq. to Alan Dunn regarding post-judgment discovery and scheduling of same.

499    E-mail dated September 1, 2006, from Dan Michener to Sloan Carr, Esq. and Alan Dunn regarding post-judgment discovery requests and request for legal advice regarding same.

500    E-mail dated September 4, 2006, from Sloan Carr, Esq. to Alan Dunn and Dan Michener regarding post-judgment discovery requests and legal advice regarding same.

501    E-mail dated September 4, 2006, from Alan Dunn to Sloan Carr, Esq. and Dan Michener regarding post-judgment discovery responses.

502    E-mail dated September 5, 2006, from Alan Dunn to Sloan Carr, Esq. and Dan Michener regarding responses to post-judgment discovery requests.

503    E-mail dated September 5, 2006, from Sloan Carr, Esq. to Alan Dunn and Dan Michener regarding post-judgment discovery responses.

504    E-mail dated September 5, 2006, from Alan Dunn to Sloan Carr, Esq. regarding problems with transmissions of post-judgment discovery responses.

505    E-mail dated September 5, 2006, from Alan Dunn to Sloan Carr, Esq. and Dan Michener regarding problems with transmissions of post-judgment discovery responses.

506    E-mail dated September 5, 2006, from Sloan Carr, Esq. to Ryan Maloney regarding response to post-judgment discovery scheduling request.

507    E-mail dated September 8, 2006, from Sloan Carr, Esq. to Alan Dunn and Dan Michener regarding response to post-judgment discovery requests and legal advice regarding same..

508    E-mail dated September 8, 2006, from Sloan Carr, Esq. to Alan Dunn  regarding responses to post-judgment discovery requests and document requests and legal advice regarding same..

509    E-mail dated September 25, 2006, from Sloan Carr, Esq. to Alan Dunn and Dan Michener regarding post-judgment discovery responses and legal advice regarding same..

510    E-mail dated September 26, 2006, from Alan Dunn to Sloan Carr, Esq. and Dan Michener regarding documents responsive to post-judgment discovery requests and legal advice regarding same..

GIA-GMI, LLC v. GMI CAPIAL CORP.
CASE NO. 3:05-CV-00300-HES-TEM

5\1    E-mail dated October 9, 2006, from Sloan Carr, Esq. to Charles Toy, Dan Michener

and Alan Dunn regarding post-judgment discovery responses and legal advice regarding

same.

5\2    E-mail dated October 9, 2006, from Alan Dunn to Dan Michener and Sloan Carr,

Esq. regarding post-judgment discovery responses and legal advice regarding same..

5\3    E-mail dated October 18, 2006, from Sloan Carr, Esq. to Dan Michener, Ira Marcus,

Esq. and Alan Dunn regarding responses to post-judgment discovery requests and legal

advice regarding same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished by electronic mail this 15th day of December, 2006, to: **C. Ryan Maloney,**

**Esq.**,One Independent Drive, Ste. 1300, Jacksonville, FL 33202 @ cmaloney@foley.com.

IRA MARCUS, P.A.
Attorney for Judgment Debtor
1313 South Andrews Avenue
Ft. Lauderdale   FL 33316
Phone:  (954) 523-9696
Fax: (954) 523-3858
e-mail: ira@iramarcuspa.com


By:_____s/ Ira Marcus_____
        IRA MARCUS
        Florida Bar No.  174741



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

ONE INDEPENDENT DRIVE, SUITE 1300
JACKSONVILLE, FL 32202-5017
P. O. BOX 240
JACKSONVILLE, FL 32201-0240
904.359.2000 TEL
904.359.8700 FAX
www.foley.com

WRITER'S DIRECT LINE
904.359.8755
lfeigel@foley.com EMAIL

CLIENT/MATTER NUMBER
037258-0101

December 26, 2006

<u>VIA E-MAIL AND FACSIMILE</u>

Sloan Carr, Esq.
Ira Marcus, P.A.
1313 South Andrews Ave.
Ft. Lauderdale, FL 33316

      Re:    *GIA-GMI, LLC v. GMI Capital Corporation*

Dear Sloan:

        I write regarding the privilege log your office provided for the email communications which Mr. Dunn is withholding from production based on an assertion of privilege. In order to facilitate a discussion of the log entries, I will refer to them in this letter by number beginning with the first entry and continuing consecutively through the log.

        As I am sure you are aware, the party invoking a privilege must "provide sufficient detail to demonstrate fulfillment of all the legal requirements for the application of the privilege." CSX Transp., Inc. v. Admiral Ins. Co., 1995 WL 855421 *3 (M.D. Fla. 1995). A privilege log invoking the attorney-client privilege must provide as to each document: 1) identification of the attorney(s) from which legal advice was sought, 2) nature of the document, 3) identification of all persons who received the document and/or were informed of its substance, and 4) the author of the document as well as the date it was created. See Alexander v. Federal Bureau of Investigation, 192 F.R.D. 42, 45 (D.D.C. 2000).

        The description of the contents of the document must demonstrate that legal advice was being sought as compared to business advice. See St. Joe Co. v. Liberty Mutual Ins. Co., 2006 WL 3391208 *5 (M.D. Fla. 2006) Also, general conclusory descriptions such as "discussed legal advice" are insufficient descriptions. See cf CSX Transp., 1995 855421 at *3 (holding that privilege log entry of "confidential attorney-client communication for the purpose of providing legal advice concerning environmental claims" as conclusory and insufficient for determining application of attorney-client privilege).

        The following entries in the privilege log do not contain sufficient descriptions to establish attorney-client privilege. The entries either fail to identify an attorney with whom communications were made, make inadequate general descriptions of the document's topic, or identify recipients that are neither attorneys nor known management of GMI. Specifically, the objectionable entries are as follows:

BOSTON
BRUSSELS
CHICAGO
DETROIT
JACKSONVILLE

LOS ANGELES
MADISON
MILWAUKEE
NEW YORK
ORLANDO

SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SILICON VALLEY

TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.



EXHIBIT

D

JACK_572933.2

**■FOLEY**

FOLEY & LARDNER LLP

December 26, 2006
Page 2

- Privilege log entries numbers 9-17, 25, 29, 46-47, 49, 59-60, 65, 119, 317, 346-3448, 350-354, and 356-357 do not refer to any attorney to or from whom any communication was made or received. Although many of the entries indicate they were to or from Larry Austin, Esq., as you know, Mr. Austin was part of the management of GMICC and was not an attorney to either GMICC or Mr. Dunn. Thus, these documents do not reflect communications to or from an attorney for GMICC or Mr. Dunn and are therefore not privileged. I request that you and Mr. Dunn reconsider the assertion of privilege and produce the such responsive documents.

- Privilege log entries numbers 77-114 fail to describe the topic of any of the documents, providing only an "XXXXXXXX" as the description. In a footnote you explain that the "XXXXXXXX" was used because disclosure of the topic would itself violate the attorney-client privilege. However without more, Plaintiff has no ability to evaluate the application of the attorney-client privilege. Although Mr. Dunn is not required to disclose any information that in itself is privileged, you and Mr. Dunn can surely can provide a general description of the subject matter of the emails that both preserves the attorney-client privilege and provides an opportunity to assess the applicability of the alleged privilege. The necessity of more detailed description is even more evident because the referenced emails were neither authored nor received by an attorney for GMICC. Furthermore the entries numbered 82-86, 87, 92-99, 106-113, were all e-mails that were received by persons that were neither management nor attorneys of GMICC. Thus, more information as to the identity of each recipient in the above mentioned e-mails as well as more detailed topic descriptions are necessary to explain how such documents are protected by the attorney-client privilege. Please either provide such further information or produce the responsive emails.

- Privilege log entries numbers 160 and 310 fail to identify all the recipients of the emails as privileged third parties. A more detailed explanation is necessary to describe the relationship between GMI and these third parties to assess the applicability of the attorney-client privilege and/or waiver of privilege thereto.

- Privilege log entries numbers 124-125, 130-131, 138-141, 149-152, 159, 170, 182-186, 192, 231-239, 245-250, 252-262, 266-271, 276, 282, 284, 286-295, 439, 447-448, 452-454, 462, 464, and 467 are e-mails which provide general conclusory descriptions such as "regarding discovery issues/scheduling," "discovery issues or deposition preparation," "regarding legal strategy," or "litigation update" in which an attorney was neither the author nor a recipient. Such general descriptions are insufficient to establish the basis for an assertion of attorney-client privilege. Just because the parties to the communication may have been discussing legal strategy, etc., does not mean they were necessarily discussing communications to or from an attorney. I request that you either reconsider the assertion of privilege or provide a more detailed description as to the content of the above mentioned e-mails to allow for a fair assessment of the assertion of privilege.

- Privilege log entries numbers 1, 114, and 421 are described as protected by a trademark privilege. Although such a privilege may be applicable, the prior confidentiality agreement



FOLEY & LARDNER LLP

December 26, 2006
Page 3

and order should protect against any potential issues related to disclosure. Therefore, I request that those emails be provided to Plaintiff.

Again, I request that you and Mr. Dunn either reconsider the assertions of privilege and/or provide the requested additional information necessary for Plaintiff to make a fair assessment of the asserted privilege for each of the privilege log entries noted above. Please provide this additional information or produce the additional emails on or before January 12, 2006, so that there is sufficient time to resolve any remaining issues or disputes prior to the continuation of Mr. Dunn's deposition on January 31, 2007.

Please contact me with any questions, comments or concerns you may have regarding this matter.

Sincerely,

C. Ryan Maloney

cc:    J. Richard Blankenship (via electronic mail)
       John A. Tucker (via electronic mail)

JAN-11-2007  13:45        954 523 3858                    954 523 3858    P.02

*Law Offices*

## *Ira Marcus P.A.*

**1313 SOUTH ANDREWS AVENUE**
**FORT LAUDERDALE, FLORIDA 33316**
Telephone (954) 523-9696
Facsimile (954) 523-3858
e-mail address: ira@iramarcuspa.com

**IRA MARCUS**
ALSO MEMBER OF MASSACHUSETTS
AND NEW JERSEY BARS

CERTIFIED CIRCUIT COURT MEDIATOR & ARBITRATOR            January 11, 2007

**SLOAN A. CARR**

**SENT VIA FACSIMILE & U.S. MAIL (904) 359-8700**
C. Ryan Maloney, Esquire
Foley & Lardner, LLP
One Independent Drive
Suite 1300
Jacksonville, FL 33202

  **Re: GMI Capital Corporation v. GIA-GMI, LLC**
  Privilege Log as to Mr. Dunn

Dear Ryan:

I am in receipt of your letter of December 26, 2006 regarding the privilege log furnished as to the documents subpoenaed from Mr. Dunn. I carefully reviewed the cases that you cite in your letter. I note initially that while I cannot blame you as an advocate for referencing only those cases, it is fair to say that other Florida decisions take a different view on the requirement of the privilege log and procedures required to invoke the privilege. Notwithstanding, I will attempt to address your various points, in an effort to reach a resolution as to the potential dispute.

First, as to your request for additional identifying information regarding individuals identified as authors or recipients within the Log, I can identify the following:

K.C. Low (incorrectly identified as Casey Lowe) is an attorney in Singapore who was retained by GMI to render legal advice, and particularly legal advice as it pertained to legal activities in the Pacific N.M. area. He was being communicated with as an attorney and I don't think communications involving him need any further explanation.

You had previously inquired as to whether Mr. Dunn was claiming that he was acting as an attorney rendering legal advice and withholding documents on that basis, and I explained that he is not. However, you have made an assumption that the same holds true for Larry Austin, merely because he was also a part of the management of GMI. This is an incorrect assumption, and if necessary, I believe that Mr. Austin will testify and/or offer an Affidavit that



EXHIBIT
E

C. Ryan Maloney, Esquire
January 11, 2007
Page 2

he was, in fact, routinely providing legal advice to the entity, including those communications specifically identified in the privilege log.

I am surprised that you take issue with item number 310. This e-mail from Charles Toy to me, which was copied to representatives of the insurance company for the entity, was clearly part of the litigation process, and in my opinion was covered not only by the attorney client communication privilege, but also by the work produce privilege, in that it was directly referencing existing litigation. Notwithstanding, because the content may not actually reveal critical information, I would consider disclosing that e-mail to you with the express condition that that such disclosure not be argued, in any way, to constitute a voluntary waiver of the privilege. You will find that e-mal to be worthless to you.

As to the entries for numbers 1, 114 and 421, I find your pursuit of these documents to be bordering on bad faith and harassment. I would suggest that, consistent with the procedures outlined in some of the cases that you cited, you inquire of Mr. Dunn as to whether those communications have any relevance whatsoever or connection with your client's discovery efforts and judgment. Alternatively, Mr. Dunn could submit an Affidavit establishing that there is no relevance and/or the documents could be submitted for in-camera review.  Given the level of animosity and distrust that exists between the parties, I anticipate that Mr. Dunn will never voluntarily provide sensitive business documents totally unrelated to the instant litigation merely for the Ambassador's amusement or curiosity.

As to entry numbers 77-114, I have been trying to think of a way to have the claim of privilege evaluated without disclosing confidential communications. Unlike the other issues which I believe will be resolved by Affidavit or the explanations that I have already given as to the identities of the parties, these may need to be submitted for in-camera review. While I personally would have no reservations in providing additional detail as to the nature of the communications, the privilege is not mine to waive, and I do not have the discretion to reveal this confidential information. I will continue to ponder any alternative options.

Finally, your first bullet point on the second page of your letter identifies a large number in the privileged e-mails wherein you contend our description is in adequate. I frankly did not have the time to prepare the more detailed privilege log that you are requesting in this regard, but will work on doing so. I will provide as much detail as possible without disclosing the privileged communications themselves.

For a framework of analysis as to my comments and suggestions herein, I respectfully request that you examine a few cases on the Florida law privilege that take a different view than those you selected for citation. Specifically, look at *Tyne v. Time Warner Entertainment Company*, 212 F.R.D. 596 (M.D. Florida 2002). As to the issue of additional detail on those items described as "XXXXXXXXX" See *Carmen Calzon v. Capital Bank*, 689 So.2d 279 (Fla.3d

C. Ryan Maloney, Esquire
January 11, 2007
Page 3

DCA 1995). Wherein the Court recognized that a privilege log itself could reveal too much, and hence the Court was conducting an in-camera inspection prior to requiring additional detail in the log. See also, *Smithkline Beecham Corporation v. Apotex Corporation*, 232 F.R.D. 467 (D.C. PA 2005) which makes clear that a document would not be required to be addressed to an attorney in order to be properly withheld on the attorney client privilege. In the case of the corporate client, communications subject to the attorney client privilege may be shared by non-attorney employees in order to relay information requested by attorneys without waiving the privilege.

I remain optimistic that we will be able to resolve these disputes without the intervention of the Court, as we have been able to do before. However, if you would like to have some or all of the documents at issue herein prepared for and submitted to the Court for In-camera review, I will certainly consider that option. Again, even based upon your own cases, it would appear that the Court would prefer not to be burdened with such a task and that we should attempt to continue to work through these issues.

I appreciate your continued good faith cooperation in our efforts to do so.    Thank you.

Sincerely,

Sloan A. Carr, Esquire
For Ira Marcus, P.A.

SAC/cmc
c: client
   Mr. Dunn
G:\WP\DOCR\DMB Capital\Correspondence\MALONEY-LT 1-11-07.wpd



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

ONE INDEPENDENT DRIVE, SUITE 1300
JACKSONVILLE, FL 32202-5017
P. O. BOX 240
JACKSONVILLE, FL 32201-0240
904.359.2000 TEL
904.359.8700 FAX
www.foley.com

WRITER'S DIRECT LINE
904.359.8755
lfeigel@foley.com EMAIL

CLIENT/MATTER NUMBER
037258-0101

January 22, 2007

<u>VIA E-MAIL</u>

Sloan Carr, Esq.
Ira Marcus, P.A.
1313 South Andrews Ave.
Ft. Lauderdale, FL 33316

    Re:  *GIA-GMI, LLC v. GMI Capital Corporation*

Dear Sloan:

   I am responding to your letter dated January 11, 2007, pertaining to the privilege log furnished as to the documents subpoenaed from Mr. Dunn. Initially, I note that you have agreed that the descriptions for privilege log entries 124-125, 130-131, 138-141, 149-152, 159, 170, 182-186, 192, 231-239, 245-250, 252-262, 266-271, 276, 282, 284, 286-295, 439, 447-448, 452-454, 462, 464, and 467 are inadequate. Please provide an updated privilege log with adequate descriptions as to these items at your earliest convenience, and in any event no later than by Friday, January 26, 2007.

   With respect to privilege log entries numbers 9-17, 25, 29, 46-47, 49, 59-60, 65, 119, 317, 346-3448, 350-354, and 356-357, as Mr. Austin was part of GMICC's management team, I am sure you can understand my concern that the above referenced e-mails may involve Mr. Austin acting in a business manager capacity as compared to in a legal counsel capacity, either to GMICC or to Mr. Dunn. In order to resolve this issue, I request that you provide a more detailed description of the specific legal topics Mr. Austin was counseling on, or on which his legal advice was sought, so that it can be determined from the descriptions in what capacity he was acting. Again, please do so on or before January 26, 2007.

   As to the privilege log entries numbers 77-114, for which you provide "XXXXXXXX" as descriptions, it goes without saying that such descriptions are fully inadequate. You indicated that you may not be able to provide additional information for fear that it may somehow disclose privileged information. However, the only privileged information is the substance of the communication itself, not a general description of the subject matter of the communication. The case you cite in support of your position, <u>Del Carmen Calzon v. Capital Bank</u>, 689 So.2d 279 (Fla. 3d DCA 1995), involved invocation of the Fifth Amendment privilege, and limited its holding to situations where the providing of a privilege log "would supply links of incriminating evidence in an existing chain of inculpatory events, or lead to the filing of criminal charges." <u>Id.</u> at 281. You have given no indication that any Fifth Amendment issues are present

BOSTON
BRUSSELS
CHICAGO
DETROIT
JACKSONVILLE

LOS ANGELES
MADISON
MILWAUKEE
NEW YORK
ORLANDO

SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SILICON VALLEY

TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.



EXHIBIT
F

JACK_578531.2



FOLEY & LARDNER LLP

January 22, 2007
Page 2


     Further to the extent the description would indicate the existence of some fact or action taken by Mr. Dunn or some other entity, as you know, such facts or actions in and of themselves are not privileged just because they may be discussed in an otherwise privileged communication. Certainly, you can provide adequate descriptions of the contents of these emails without divulging privileged attorney client communications. Again, I request that you do so on or before January 26, 2007. To the extent you believe that you cannot do so, and that an in camera review is truly necessary, I request that you make a motion to the Court for such in camera review on or before January 26, 2007.

     As the scheduled continuation of Mr. Dunn's deposition is upcoming, we need to have these issues resolved as soon as possible. They cannot be resolved without you providing the additional information requested above. Again, please do so on or before January 26, 2007. Otherwise, I will be forced to seek Court intervention.

     Please contact me with any questions, comments or concerns you may have regarding this matter.

Sincerely,

C. Ryan Maloney


cc:    J. Richard Blankenship (via electronic mail)
       John A. Tucker (via electronic mail)